ODELIA  BESCH  V.  CHARLES  BESCH.

The fact that a husband had left his wife for three years with the intention of abandonment is made by the statute (O. & W. Dig., art. 608,) a specific cause for divorce ; and it is immaterial what were the circumstances attending the separation, provided the wife is in no manner chargeable with it, either by act or consent.

That the separation was not accompanied by wanton acts of outrage or cruelty on the part of the husband towards the wife, is of no importance.

It is the sole fact of his separation from her for the requisite length of time, with the continuing intention not to perform his matrimonial obligations, which entitles her to a divorce.

The mere fact, however, of absence, or of separation of the spouses for three years, does not authorize a decree of divorce, nor necessarily lead to the conclusion that there was the intention of abandonment.

The ruling in Hare v. Hare, (10 Tex. R., 355,) cited and approved :  The plaintiff must state such facts as show that the abandonment by the defendant was voluntary, or without sufficient cause, and was consequently the offensive desertion contemplated by the statute.

That the absence or separation was with the intention of abandonment, may be established as well by circumstances as by direct evidence.

The plaintiff having proved a voluntary departure by the defendant from his wife, the plaintiff, and his continued absence for more than three years without communicating with her ; *held*, that such facts, in the absence of countervailing circumstances or proof, would authorise a jury to find the intention of abandonment ; and that it was error to instruct the jury to find against the plaintiff on the ground that her evidence was insufficient.

APPEAL from Colorado.    Tried below before the Hon. G. W. Smith.

On the 2d of April, 1859, the appellant filed her petition against the defendant, her husband, charging his voluntary abandonment of the plaintiff for more than three years.    Upon affidavit of the plaintiff that the defendant was a non-resident of the State, service of the citation was had by publication.

No appearance was entered or defence made by the defendant.

On the hearing at the Fall Term, 1859, the plaintiff proved by her brother that she was married to the defendant in July, 1855 ; that the defendant and plaintiff lived together as man and wife

Besch v. Besch.

until December of the same year, during which time the plaintiff had in every respect discharged her duty as a kind, faithful, and affectionate wife.   That at the latter date the defendant left, saying that he was going to Gonzales, telling all, including the witness, good-bye, and shaking hands with them ; that he did not say why he was going nor when he would return ; that defendant, plaintiff, and witness all lived with the father of plaintiff and witness.   That witness knew of no reason whatever for the defendant's leaving; that defendant assigned none, and he and his wife, the plaintiff, had no quarrel, altercation, or difficulty.   That defendant had been gone ever since his departure in December, 1855, and had never communicated in any manner with the plaintiff, who being without property or means, was thus left wholly to her own resources.

Other witnesses testified to the departure and continued absence of the defendant since the winter of 1855, and that he had not been heard of since.   The evidence of his non-residence in the State was entirely negative.   One witness testified that in September, 1859, he saw a man in Montgomery county, Texas, of the name of Besch, who recognized witness and made inquiry of witness respecting his father, but did not mention the plaintiff. Witness did not know whether the man was one of defendant's brothers, or the defendant himself.

The court instructed the jury as follows :  " You are charged to· find a verdict against the plaintiff, she having failed to make out her case in proof."   The jury accordingly found,  " that the allegations in the plaintiff's petition are not proven."   Judgment against plaintiff, and her motion for a new trial overruled.

*Harcourt & Robson*, for the appellant.

MOORE, J.—The charge of the court to the jury in this case in the court below was erroneous.   The evidence before the jury is, in our opinion, not only sufficient to have warranted them in finding a verdict for the plaintiff, but also to have authorized the court upon the return of the verdict, to decree a divorce.   The fact that a husband shall have left his wife for three years

with the intention of abandonment, is made by the statute a specific cause for divorce. It is immaterial what were the circumstances attending the separation, if the wife is in no manner chargeable with it either by act or consent. That the separation was not accompanied by wanton acts of outrage or cruelty on the part of the husband towards her, is of no importance. It is the fact solely of his separation from her for the requisite length of time, with the continuing intention on his part during such time, not to perform his matrimonial obligations, which entitles her to a rescission of their matrimonial contract. But the mere absence, or separation of the spouses for three years, does not authorize the divorce, or necessarily lead to the conclusion that there was the intention of a continuing separation or abandonment. And it is therefore correctly held in Hare v. Hare, 10 Tex. R., 355, that the plaintiff should state such facts as will show that the abandonment was really voluntary, or without sufficient cause on the part of the defendant, and was consequently the offensive desertion contemplated by the statute. But the law does not contemplate that the wife shall in all cases show by direct testimony that the separation by the husband was with the improper intention reprobated by the law. As a general rule, the intention with which an act is done can only be ascertained by circumstantial evidence. The inward objects and purposes of the mind, when in violation of moral or legal duty, are more frequently and truly indicated by circumstances, than by open and unequivocal acts or declarations. In this case, we think the testimony amply sufficient to induce the belief that the separation from the plaintiff by the defendant was with the intention of abandonment; and to repel any just inference that it was voluntary on her part or authorized by sufficient cause.

The judgment is reversed and the cause remanded.

Reversed and remanded.