DOUGLASS v. DOUGLASS.

</div>

<div align="right">

31   421
d93   278

</div>

1. **Divorce: DESERTION: INSANITY: STATUTE CONSTRUED.** If a husband "willfully desert his wife and absent himself without reasonable cause for the space of two years," she will be entitled to a divorce on the ground of desertion. The reasonable cause of absence referred to by the statute must be grounded on some fault of the wife, and if his *desertion* be willful and without reasonable cause, he cannot excuse his absence on the ground of some accident or misfortune subsequently happening to him.

2. —— **RULE APPLIED.** It is accordingly *held*, where a husband deserted his wife, while sane, that he could not excuse his subsequent absence for the statutory period by showing that he became insane. BECK, J., dissenting.

<div align="center">

*Appeal from Johnson District Court.*

THURSDAY, APRIL 27.

</div>

ACTION for divorce. The district court dismissed the plaintiff's petition, and rendered judgment against her for costs; she appeals.

*Robinson & Patterson* for the appellants.

*Ellis G. Hughes* for the appellee.

COLE, J. — The plaintiff bases her claim for divorce upon the fourth subdivision of Revision, section 2534. — "When he willfully deserts his wife and absents himself without a reasonable cause for the space of two years." There is no conflict in the evidence as to the facts of the case. The parties were married in September, 1858; they lived together happily until the 14th day of September, 1867, during which time there were four children born to them, three of whom had died. Prior to the time last stated, the defendant became insane, and was sent to the asylum at Mount Pleasant, and a guardian for his property, etc., was appointed. At that date, having been discharged from the asylum as cured, the defendant returned to his friends, but refused to live with plaintiff as his wife; he made his home with his mother in the same neighborhood, and engaged in his usual work, but refused to provide in any way or part for plaintiff or their child. In February, 1868, there was a judicial examination as to his condition, and he was pronounced sane, and then settled with his guardian, who was discharged. At this examination the defendant asserted that he never intended to live with plaintiff again, but gave no reason, and refused to do so when asked. In the April following (1868), the defendant was again sent to the asylum, and another guardian appointed. The defendant corresponds with his friends, but refuses to write to his wife, although she has written him and urged him to answer. The defendant has never abused the plaintiff, nor have they had any particular quarrel. Plaintiff has earned her own living and the support of her child since he first went to the asylum; she is a woman of excellent character. This suit was brought in March, 1870.

This evidence satisfactorily establishes the fact that the defendant has willfully deserted his wife without a reasonable cause, and that he has absented himself for the space of two years. This is not controverted; but it is claimed that the statute requires that both the desertion and absence shall be without a reasonable cause. For the purposes of this decision that construction might be conceded; though it may well be questioned whether the true and correct construction is not that the wife shall be entitled to a divorce when the defendant willfully deserts her without a reasonable cause and absents himself for two years, see *Hewes* v. *Hewes*, 7 Gray, 279; *Besch* v. *Besch*, 27 Texas, 390. But, even if it be held that the reasonable cause applies equally to the absence as to the desertion, then the inquiry is as to the meaning of the term " reasonable cause " in this connection. Does it mean that the husband having willfully deserted his wife shall, by showing a reasonable cause for his continued absence, defeat the wife's right of action? If so, suppose he should show that he became engaged in a very profitable mining operation and was accumulating wealth very rapidly for his family, which would have been sacrificed by his return to his wife within the time? This would ordinarily be regarded as a reasonable cause for a protracted absence. Or, suppose he became unjustly suspected of the crime of murder and was wrongfully arrested and committed for trial whereby he was detained beyond the two years. This would surely be a reasonable cause for his delay in returning. But this is not the meaning of the statute. The statute means that if the husband willfully deserts his wife when she has not by her conduct given him a reasonable cause, and shall absent himself for two years when she has given him no reasonable cause for remaining away, then she shall be entitled to a divorce. The reasonable cause of the statute can only be established by showing wrongful conduct on her part, amounting to a good excuse for his absence. No other reasonable cause

for the two years' absence than that arising from the acts, declarations or conduct of the wife can be shown to defeat her right of action. In other words, the absence of the husband must be excused by the fault of the wife, and not by the fault or misfortune of the husband.

This must be the correct construction of the statute. For, if the term "reasonable cause" applies equally to the "desertion" and the "absence," then it must apply to them in the same sense. And it will not admit of controversy that when a husband willfully deserts his wife, he can justify that action only by showing wrong or fault on her part. As it is clear that no fault or misfortune of his will excuse his willful desertion, so no fault or misfortune of his will excuse his absence for the space of two years. The statute, it will be observed, does not require that the *absence* shall be *willful.*

How much soever we may sympathize with the defendant in his misfortune and would be ready to commend the self sacrifice and devotion that would lead the plaintiff to cling closer to him, even though his affection, like his reason, may be permanently clouded, yet the statute is the measure of the plaintiff's rights, and it is our duty to enforce it.

Reversed.

BECK, J., dissenting.