D. W. STRATFORD v. L. E. STRATFORD.

*Appeal—Continuance—Divorce—Insanity.*

1. Where pending an action for divorce, the defendant becomes insane, the cause will be continued as long as there is a hope of the defendant's regaining reason.

2. In case of hopeless insanity, it is intimated that the plaintiff will be allowed to proceed with the trial.

3. Where an order grants a continuance not merely for the term, and for some incidental reason that is an adjudication which arrests the action for a length of time, it affects a substantial right, and can be appealed from.

This was a CIVIL ACTION for divorce, heard before *Graves, Judge*, at July Special Term, 1884, of RANDOLPH Superior Court.

Upon the facts appearing in the opinion of this court, His Honor continued the cause until Fall Term, 1886. From this order the plaintiff appealed.

*Mr. M. S. Robins*, for the plaintiff.
*Messrs. Scott & Caldwell*, for the defendant.

SMITH, C. J. This action is to obtain a dissolution of the bonds of matrimony, and the complaint charges one act of adultery, specifying time and place, and its repetition in general terms, afterward committed by the defendant with the same person.

The process was returnable to Spring Term, 1883, at which term a verified complaint was put in by the plaintiff, to which

there has been no answer. At a special term of the court, held in July, 1884, counsel for the defendant moved for a suspension of proceedings, suggesting her lunacy, and proposed to prove the fact by an inquisition taken in due form of law on the 16th day of July, 1883, and an order for the appointment of a guardian.

It was not denied that the defendant had become and was insane, and that she had been removed to, and then was in the lunatic asylum near Raleigh. Thereupon an order was entered, which, after reciting the inquisition and finding of the jury and the removal of the lunatic to the asylum, proceeds as follows:

"It is therefore ordered that the plaintiff be not allowed to proceed further in the prosecution of this action, and that the trial of the same be stayed until the Fall Term, 1886, of this court, unless the defendant shall become restored to her reason."

The plaintiff's appeal calls in question the legality of this order, and this is the only point before us.

Ordinarily, a continuance granted or refused rests in the breast of the Court, in the exercise of a just discretion, and cannot be reviewed in the appellate court. The ruling here is not a mere continuance of the cause for some present reason, but is an adjudication which arrests action for two years, during which nothing can be done in its further prosecution, unless, meanwhile, the defendant shall shall come to her right mind.

The ruling is, in substance, that the cause should not be tried against one whose reason has been dethroned, and who is thus rendered incapable of making answer to the charge, or aiding counsel in the conduct of her defence, in a matter so deeply affecting her well-being, and her status as a married woman, until at least a reasonable time is allowed for her restoration and recovery. We are not thus called on to decide whether the action should be altogether defeated if the insane condition becomes permanent and incapable of relief, but whether while there is any prospect of recovery or material improvement, the progress of the action should be stayed for a reasonable period to await that result.

This is all that the order undertakes to do. Mr. Bishop, in his work on Marriage and Divorce, mentions two cases decided in the English courts, where a peremptory stop was put to the proceeding when insanity· has supervened. Sections 305, 305a, 305b.

In the one case, Sir C. Creswell, sitting as Judge Ordinary in the Divorce Court, refused to allow the husband to procure a divorce for the adultery of his wife, committed before her lunacy, remarking, "It will be a hard case upon the petitioner, if he is not allowed to proceed. But it will also be a hard case upon the respondent, who is not able to take part in the proceedings, if he is allowed;" and he concludes, "I cannot allow the petitioner to proceed in the present suit."

In a later case, cited also by. Mr. Bishop, section 305a, *Mordaunt* v. *Mordaunt*, 2 P. & M., 103 (we have not means of access to the report), it was held by two of the three judges, that the case should not go on while the defendant was insane, yet they were unanimous in the opinion that so long as a prospect of recovery remained the case should be continued.

The author, however, arrives at a conclusion upon a review of the subject, which is announced in these words: "Therefore, if one in a lucid state has committed a breach of matrimonial duty, and the breach is not known to the other party, until the delinquent becomes insane, there would seem to be no special reason why, under proper safeguards, to prevent injustice from being done to a person who cannot exercise any discretion in the defence, the suit should not be permitted to proceed." Section 306.

And so rules the court in *Rathbun v. Rathbun*, 40 How., Pr. 328.

In this unsettled condition of the practice, we do not feel called upon to say more than that we are inclined to the opinion that in case of a permanent and incurable loss of mind, the plaintiff ought not to be debarred his right to have the marriage relation dissolved for an act of adultery committed by the wife when sane and responsible for her acts. Supervening insanity, it would

seem, ought not to be allowed to absolve the faithless wife from the consequences of her own voluntary disregard of her marital obligations.

But at the same time we are clearly of opinion that no undue haste should be permitted, and that the suit should await a reasonable time, till hopes of the delinquent's restoration have vanished. The order in this case was entirely proper.

We therefore sustain the ruling of His Honor, and declare there is no error. Let this be certified.

No error. Affirmed.