ꞏ [Sac. No. 838.   Department Two.—January 24, 1902.]

NELLIE HARRIGAN, Appellant, v. JOSEPH THOMAS HARRIGAN, Respondent.

DIVORCE—INSANITY OF DEFENDANT.—A divorce may be had from an insane defendant for a cause of action which accrued during the sanity of the defendant. .

APPEAL from a judgment of the Superior Court of Merced County.   J. K. Law, Judge.

The facts are stated in the opinion.

James F. Peck, for Appellant.

E. N. Rector, for Respondent.

COOPER, C.—Appeal from the judgment denying plaintiff a divorce.

It appears from the findings that on the ninth day of September, 1894, the defendant willfully deserted the plaintiff, and that such desertion continued for more than ꞏone year, when defendant became insane, and was duly committed to the State Hospital for the Insane at Napa, where he has ever since remained.   This appeal presents the sole question as to whether or not a divorce can be granted against an insane defendant whose insanity did not exist at the time the right to a divorce accrued.   Under our laws marriage is a civil contract, entered into by competent parties.   The right of either party to such marriage to obtain a divorce from the other is given by the code, on the ground, among others, of willful desertion continued for one year.   (Civ. Code, secs. 92, 107.)ꞏ The plaintiff, therefore, on account of the willful derelictions of defendant, had the right, given her by the statute, before defendant became insane, to procure a dissolution of the bonds of matrimony.   Was this right taken away or suspended by reason of defendant's subsequent insanity?   In criminal cases,'although defendant was sane when the crime was committed, if he becomes insane before, or during the trial, the proceedings will be arrested and no judgment can be pronounced.   This is upon

the theory that an insane person is incompetent to make his defense. The law in its tender regard for the life and liberty of the subject, and in its mercy, will not pass sentence upon one who is so unfortunate as to have lost his reason, and who is thus unable to establish his innocence. As said by Coke, "A mad man is only punished by his madness." While this is the rule in all civilized countries in regard to prosecutions for crime, it has no application to civil cases. Insane persons are incapable of entering into contracts while suffering under this great calamity. The law throws around them its protecting shield for the reason that, having no mind, they cannot enter into a contract. But in case of all contracts or liabilities incurred by parties while sane, the law affords a remedy, even though the party making such contract, or incurring such liability, has since become insane. This is recognized in the code, which provides for service of summons upon insane persons and for the appointment of a guardian *ad litem* after such service. We can see no reason why the same rule should not be applied to plaintiff in an action for a divorce where the cause of action accrued during the sanity of defendant. It is true that defendant may not be able, by reason of his insanity, to present some fact or defense known only to himself while sane. The same reason would apply in any proceeding against an insane defendant on any other contract or liability. If he executed a promissory note while sane, he may be sued upon it while insane. Yet it may be that if sane he could show payment or other valid defense to it. We cannot deny the right of parties to come into the courts to enforce remedies because of such imaginary or fanciful reasons. It is presumed that courts and juries will do their duty. In many cases, where parties are not adjudged insane, by reason of ignorance or want of experienced counsel rights are lost, but the law is not to blame. In the application of the law to the protection of property the enforcement of rights, and the redress of wrongs, it is often an approximation. This by reason of the defect of all human institutions. The law is applied through the medium of judges, who are men of very different understandings and views. This application is upon facts established or disproved by witnesses or other means of evidence provided by law. It is not and cannot be said that the law is an omnipotent rule applied to all

transactions in the business of life as if the facts and circumstances were reflected in a mirror and measured by rules of geometry.  Therefore, the law, in its wisdom, will not deprive a party forever of the privilege of coming into court for redress, because the party against whom relief is sought has lost his reason.  The views herein expressed are sustained by the better-reasoned authorities.

In discussing this subject it is said by Nelson, in his work on Divorce and Separation (vol. 2, p. 669): "But if the insanity is incurable, the plaintiff will not be debarred of her right to a divorce for an act committed while sane."

Bishop, in his work on Divorce and Separation (vol. 2, secs. 518-522), says: "Divorce being a civil proceeding, and it being established practice in the civil department of our law to maintain suits against insane parties the same as against sane ones, there can be no just ground for excepting divorce causes. Both in reason and authority insanity may excuse an act otherwise unlawful, but where it does not, it is no defense against the injured person's claim for redress.  To deny the law's justice to the sane one because of the other's insanity would be to cast in part on the former the burden which God had laid wholly on the latter.  Divorce, when there is cause for it, is the plaintiff's right.  If the defendant were sane, he could not prevent it; he has no election.  Therefore, it is not otherwise when he is insane. . . . But the doctrine of reason, which, in the absence of a controlling statute, permits the cause to proceed when such hope has fled, appears to be sufficiently sustained by our American authorities."

In *Rathbun* v. *Rathbun,* 40 How. Pr. 328, the question is extensively discussed.  The defendant committed an act of adultery while sane.  He afterwards became insane, and the wife was permitted to maintain the action against the insane husband.  In the opinion it is said: "The plaintiff is entitled to the relief she demands.  In this state the relation between husband and wife is established by contract, and the law carefully regulates the rights of each party to the contract. . . . But when the act of adultery was committed prior to the insanity, I am not able to see why the aggrieved party should not have redress."

The same ruling was made by the supreme court of Massachusetts (*Mansfield* v. *Mansfield,* 13 Mass. 412.  See, also,

*Douglass* v. *Douglass,* 31 Iowa, 421; *Stratford* v. *Stratford,* 92 N. C. 299.)

In the English case of *Mordaunt* v. *Mordaunt,* 41 L. J. Rep., N. S. (March, 1872) 42, a different doctrine was first held in the divorce court, in analogy to proceedings in criminal cases where the defendant becomes insane. Lady Mordaunt, the defendant, had become insane since the act of adultery complained of. The court ordered a stay of all proceedings until the defendant should recover her mental capacity. Upon appeal to the House of Lords, the majority of the consulted judges advised that the case should proceed to judgment, and the Lords unanimously sustained this view.

In this case it does not appear from the findings when defendant became insane, but it is found that the desertion took place September 9, 1894, and that more than one year thereafter defendant became insane and was committed to the hospital. The findings were filed February 26, 1900, more than six years after the desertion. It would seem that there was no undue haste and no probability of defendant's recovery. The learned judge of the court below concluded that the action could not be maintained against defendant "while he is insane." In this view of the law the judge was in error. The judgment should be reversed and the court below directed to enter judgment for plaintiff upon the findings.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to enter judgment for plaintiff upon the findings.

Henshaw, J., Temple, J., McFarland, J.