# CHARLESTON.

### FISHER v. FISHER.

Submitted June 13, 1903—Decided November 14, 1903.

1. DIVORCE—*Abandoment—Desertion.*

    A decree of divorce for wilful abandoment and desertion for three years will be granted the plaintiff, where it appears that the defendant was guilty of such desertion and abandonment for three years while he was of sound mind, although subsequently he became insane and at the time of the commencement of the suit and the granting of the decree he was a lunatic. (p. 148).

Appeal and *supersedeas* from Circuit Court, Monongalia County.

Action by Lucy A. Fisher against J. W. Fisher. Judgment for defendant and plaintiff appeals.

*Reversed.*

MORELAND and GLASSCOCK, for appellant.

MCWHORTER, PRESIDENT:

This is a suit for divorce brought by Lucy A. Fisher against her husband, Joseph William Fisher, in the circuit court of Monongalia County. The plaintiff filed her bill alleging her marriage with the defendant on the 25th of November, 1893; that a son was born to them on the 8th of October, 1894, who was with the plaintiff and whom she had always maintained and supported; that plaintiff was born in Monongalia County and had always resided therein which was also the case as to the defendant, and that they had last co-habited in that county; that plaintiff had always been a faithful and dutiful wife to her said husband; but that he had always been cruel and inhuman in his treatment towards her, and in May, 1896, had wholly and wilfully abandoned and deserted her and had ever since abandoned and deserted her; that within the last four or five months defendant had been adjudged insane and committed to the Hospital for the Insane, in Lewis County, where he still was and would likely remain for and during the remainder of his life time and alleged that such willful abandonment and desertion on his part was

committed and was continued for more than three years while he was sane, and long before any signs of insanity; that he had no property, personal or real so far as she knew, and prayed she might be allowed to file her bill and that said Joseph W. Fisher be made defendant thereto; that a guardian *ad litem* be appointed to defend his interests and that plaintiff be granted a divorce and that she be given the custody, care, maintenance, and education of her said child, and for general relief.

R. H. Brown was duly appointed guardian *ad litem* of the defendant and filed his answer to the bill. Plaintiff filed with her bill duly certified copies of the marriage license and of the minister's return certifying the marriage, from the records of the circuit court of Garrett County, Maryland, wherein the marriage was consummatted, duly authenticated. Depositions were taken upon due notice and in the presence of the guardian *ad litem*. The depositions of Lucy A. Fisher, Estella Myers, Marion A. Laughlin and I. Mc. Gallagher, which depositions were filed and read in the cause and sustained the allegations of plaintiff's bill.

And on the 14th day of June, 1902, the following decree was rendered: "This cause came on this day to be heard upon the bill of complaint of the plaintiff and the exhibit filed therewith, process duly served upon the defendant, and the answer of R. H. Brown, guardian *ad litem* for the defendant, the general replication of the plaintiff thereto, and depositions taken on behalf of the plaintiff in the presence of the guardian *ad litem,* and was argued by counsel. And it appearing to the court that the plaintiff is not entitled to the relief prayed for, it is adjudged, ordered and decreed that the bill be dismissed."

From this decree the plaintiff appealed, insisting that the court erred in holding and adjudging that plaintiff was not entitled to the relief prayed for, and in dismissing her bill, and in not granting her the relief asked.

The only question presented for consideration in this cause is whether the plaintiff can be divorced from her insane husband for an act committed by him before his insanity. The only ground conceivable upon which the court refused relief to the plaintiff is that the suit could not be prosecuted because of the insanity of the defendant, but late authorities seem to unanimously hold that that is no ground for refusing relief. Section 5, chapter 64, Code, provides that "Where either party wilfully

abandons or deserts the other for three years a divorce may be decreed to the party abandoned." In 34 L. R. A., page 166, in the notes it is said: "The rule was adopted by some of the early English cases that an action for divorce could not be allowed to proceed against an insane person. See *Bawden* v. *Bawden, Mordaunt* v. *Mordaunt,* and *King* v. *King, supra,* 11 *a.* But these cases were either reversed or overruled, and the practice would now seem to be universal to permit the action to proceed under proper restriction, leaving the defense to the guardian, committee or the next friend of the lunatic respondent.

"Thus, an action for a divorce or separation is a civil action, and not a criminal suit or proceeding which cannot be instituted or carried on while the accused is a lunatic. *Mordaunt* v. *Moncreiffe,* 43 L. J. Mat. N. S. 49, 30 L. T. N. S. 649, 22 Week. Rep. 12, L. R. 2 H. L. (Section) 374." And in *Rathbun* v. *Rathbun,* 40 How. Pr. (N. Y.) 328, it is held: "A decree of divorce for adultery, will be granted to the plaintiff, where it appears that the defendant committed the act of adultery, while he was of sound mind, although subsequently he became insane, and was for several years previous to, and at the time of the commencement of the action and the granting of the decree, a lunatic." And in *Douglas* v. *Douglas,* 31 Ia. 421, it is held: "Where the husband deserted his wife while sane he could not excuse his subsequent absence for the statutory period by showing that he became insane." And in 5 A. & E., E. L., 770 (1. Ed.): "The fact that a party after being guilty of conduct entitling the other party to a divorce becomes insane, should not bar such other party's remedy; and the court which takes care of the public interest will likewise protect the insane defendant from fraud and abuse; but must grant the divorce if the case is clearly made out. The insane defendant may appear and defend by guardian or committee." And cases there cited. See also *Cook* v. *Cook,* 53 Barb. 180.

The evidence in the case at bar clearly establishes the fact of marriage and of desertion and continued desertion for more than three years on the part of the defendant prior to his insanity. The plaintiff was entitled to the relief prayed for, therefore the decree of the circuit court must be reversed and this court proceeding to render such decree as the circuit court should have rendered, it is adjudged, ordered and decreed that the bonds of

matrimony heretofore existing between the plaintiff and the defendant be, and the same are forever dissolved and the custody of the child given to plaintiff as prayed for in her bill, and that the plaintiff recover of the defendant her costs, as well in the circuit court as the cost of the appeal in this Court.

*Reversed.*