Case 91.—ACTION BY JOSEPH A. ANDREWS AGAINST LU-CASSIA B. ANDREWS' COMMITTEE FOR DIVORCE FROM SAID LUCASSIA B. ANDREWS, WHO HAS BEEN AD-JUDGED A LUNATIC.—June 13.

## Andrews v. Andrews' Committee.

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

Divorce—Five Years' Separation—Subsequent Insanity of Wife—
Effect—Defense by Wife's Committee.

Divorce—Five Years' Separation—Subsequent Insanity of Wife—
Effect—In an action by the husband against his wife for a divorce on the ground of "living separate and apart without any cohabitation for five consecutive years next before the application," an allegation in the petition that the wife "had been previously adjudged a lunatic, and is now an incurable lunatic and confined in a sanitarium in New York, where she now resides, and that for five consecutive years next before she was adjudged a lunatic they lived separate and apart and without any cohabitation, and since that time they have continued to live separate and apart and without any cohabitation," Held—That if while she was sane she and her husband lived apart without any cohabitation for five consecutive years, a cause of action for divorce accrued to him, and this cause of action is not destroyed by the fact that she subsequently became insane.
2. Defense by Wife's Committee—Under our statute the allegations of the petition are not to be taken as true, but must

be proved, and the wife's committee may make for her any defense which she could make for herself.

3. On Rehearing—On appeal from a ruling on a general demurrer to the petition, no question is presented for review other than the sufficiency of the facts stated in the petition to make out a cause of action.

L. J. CRAWFORD for appellant.

R. W. NELSON and HAZELRIGG & HAZELRIGG of counsel.

### PROPOSITIONS ADVANCED AND AUTHORITIES CITED.

It was error to sustain demurrer to petition:

1. Because it contained all necessary allegations under sec. 2117, Ky. Stats., and sec. 423, Civil Code.

2. Constructive process was proper against the lunatic.

3. "Five consecutive years next before the application" means that they shall not have lived together after the termination of the five years and before the commencement of the action.

4. Insanity of defendant does not deprive a plaintiff of a cause of action which accrued prior to the insanity. (Mansfield v. Mansfield, 13 Mass., 412; Rathbun v. Rathbun, 40 How. Pr., 328; Douglas v. Douglas, 31 Iowa, 421; Stratford v. Stratford, 92 N. C., 297; Harrigan v. Harrigan, 135 Cal., 397; Mordaunt v. Mordaunt, cited in last above, and being a decision by English House of Lords.

5. The lunatic and her committee were properly proceeded against under sec. 53, Civil Code.

THOMAS P. CAROTHERS attorney for W. W. Brown, committee of Lucassia B. Andrews.

### PROPOSITIONS ADVANCED.

1. That the appellant must allege that cause for divorce was living separate and apart without any cohabitation for five consecutive years next before the application, and that he has not done so.

2. That the warning order against defendant was not regular and should have been quashed because defendant's residence is in Campbell county, Kentucky.

3. That no lunatic can be sued for divorce in Kentucky, no matter what the grounds.

4. That no action for divorce may be maintained in Kentucky except in strict conformity to the statute, and that by doing so in this case the appellant would be suing for a divorce in

Andrews v. Andrews' Committee.

which one year and nine months of the five years next before the application the defendant, Lucassia B. Andrews, was a lunatic.

CASES CITED.

21 Ky. Law Rep., 955, Clark v. Clark; 15 Ky. Law Rep., 88, Pile v. Pile; 36 Georgia, 48, Worthy v. Worthy.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

By sec. 2117, Ky. Stats., 1903, the following is made a ground for divorce to both husband and wife: "Living apart without any cohabitation for five consecutive years next before the application." This is an action for divorce, brought by the husband under the statute. He states in his petition that he and the defendant, Lucassia B. Andrews, were married on March 4, 1865; that on February 16, 1902, she was adjudged to be of unsound mind; that for more than five years next before that date they had lived separate and apart without any cohabitation, and that since that time they have continued to live separate and apart and without any cohabitation; that the cause for divorce occurred within five years next before January 16, 1902, and within five years next before the commencement of the action; that the defendant, Lucassia B. Andrews, is an incurable lunatic, and about February 13, 1903, was placed by her committee in a sanitarium at White Plains, in the State of New York, where she now resides. The petition was filed on October 5, 1904. The committee of the lunatic was made a defendant to the action, and a warning order was made against the lunatic. The committee and the warning order attorney filed a general demurrer to the petition, which the court sustained, and the plaintiff failing to plead further, dismissed the action.

In Pile v. Pile, 94 Ky., 308, 15 Ky. Law Rep., 88, 22

S. W., 215, it was held that it is no ground of divorce under the statute above quoted that, the husband and wife have lived apart without any cohabitation for five consecutive years by reason of the lunacy of the wife and her being confined in a lunatic asylum, with no hope of recovery. The court said: "This man, when he took the unfortunate woman to be his wife, vowed at the altar to love, cherish and protect her in sickness and in health, and, whether the wife is diseased in mind or body, his marriage vow should and must be observed. The more helpless she becomes, the greater his duty to love and protect her. The wife has never abandoned the husband, but is now confined in the asylum for lunatics by his consent and direction. The chancellor did right in dismissing his petition."

We adhere to the rule thus laid down, but the allegations of the petition do not bring this case within it. A person is presumed sane until the contrary appears. It is presumed that Mrs. Andrews was sane when she was married, and that she continued sane until she was adjudged a lunatic. The judgment is conclusive that she was a lunatic at that time, and it is prima facie evidence of her lunacy at a subsequent period, but it raises no presumption that she was a lunatic at any previous time. If, while she was sane, she and her husband lived apart without any cohabitation for five consecutive years, a cause of action for divorce accrued to him, and this cause of action is not destroyed by the fact that she subsequently became insane.

In 2 Bishop on Marriage and Divorce, sec. 518, the rule is thus stated: "Divorce being a civil proceeding, and it being established practice in the civil department of our law to maintain suits against insane parties the same as against sane ones, there can be no

just ground for excepting divorce causes. Both in reason and in authority insanity may excuse an act otherwise unlawful, but where it does not it is no defense against the injured person's claim for redress. To deny the law's justice to the sane one would be to cast in part on the former the burden which God had laid wholly on the latter. Divorce, where there is a cause for it, is the plaintiff's right. If the defend- ant were sane, he could not prevent it. He has no election. Therefore, it is not otherwise when he is insane."

After showing that in England the practice was to continue the case as long as there was hope of the defendant's recovery, in sec. 522 the author says: "The practice of continuing the case against an insane defendant while hope of his recovery remains has been approved. But the doctrine of reason, which, in the absence of a controlling statute, permits the cause to proceed when such hope has fled, appears to be sufficiently sustained by our American authorities." A number of cases are collected in the notes. (See also Douglass v. Douglass, 31 Iowa, 421; Stratford v. Stratford, 92 N. C., 297; Harrigan v. Harrigan, 135 Cal., 397, 67 Pac., 506, 87 Am. St. Rep., 118.)

If the plaintiff had a cause of action for divorce before his wife became insane, and this cause of action accrued within five years before the institution of the action, the action may be maintained, unless he has in some way lost the right of action which he then had. It is true the ground of divorce as stated in the statute is "living apart without any cohabitation for five consecutive years next before the applica- tion." If, since his cause of action accrued, the plaintiff has continued to live apart from his wife without any cohabitation, he has not lost his cause of

Andrews v. Andrews' Committee.

action which he then had by reason of the fact that during this time, or a part of it, she has been a lunatic and in an asylum. The meaning of the statute is that living apart without any cohabitation for five consecutive years shall not be ground for divorce unless it is continued up to the time of the application. The fact that the husband did not bring his action until it was shown that the wife's lunacy was permanent did not affect his rights. In fact, in so waiting he conformed to the old rule of equity, which is both wise and just. The time elapsing since the wife became a lunatic can not be counted as any part of the five years required by the statute. But if they lived apart without cohabitation for five years before she became a lunatic, and have since continued to live apart, the divorce may be granted.

Under our statute the allegations of the petition are not to be taken as true, but must be proved. Defense may be made for the lunatic by her committee as in other cases. It is shown that the committee has in his hands an estate of $40,000 belonging to her, and he may make for her any defense which she could make for herself.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

CHIEF JUSTICE HOBSON delivered the following response to petition for rehearing, Feb. 1, 1906:

In the petition for rehearing our attention is called to the case of Newcomb's Ex'rs v. Newcomb, 13 Bush, 544, 26 Am. Rep., 222, and it is insisted that the rule applied in that case should be applied here. It was there held that where a wife is confined in an aslyum in another State by the husband, with no power to return or respond to an order of warning, and is absent from the State in obedience to the husband's

will, she is not amenable to constructive service, and that a judgment of divorce rendered against her under such circumstances is void. This case is here on a general demurrer to the petition. There is nothing in the record to show that Mrs. Andrews is absent from the State in obedience to her husband's will, or is confined by him in an asylum or other place, with no power to return or respond to a summons. In the circuit court a general demurrer was filed to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. The sufficiency of the facts stated in the petition to make out a cause of action is the only question arising on the appeal.

Petition overruled.