## A. B. Thomason v. Lottie Allen Thomason, et al.

(Decided February 9, 1911.)

### Appeal from Bourbon Circuit Court.

Husband and Wife—Divorce—Immoral Conduct of Wife.—Evidence considered in this case and held that by reason of lewd and lascivious conduct of his wife and the contraction by her of a loathsome disease, the plaintiff was entitled to a divorce from her and to have the title to a tract of land restored to him which he had conveyed to her by reason of her marital relation to him.

HAZELRIGG & HAZELRIGG and TALBOTT & WHITLEY for appellant.

DENNIS DUNDON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant brought this action against his wife, Lottie Allen Thomason, for a divorce from the bonds of matrimony, and for the restoration of a survey of fifty or sixty acres of land, the deed to which his wife received by reason of her marital relation with him. The grounds alleged for the divorce was adultery and such lewd, lascivious behavior on the part of the wife as to prove her to be unchaste. Lottie Allen Thomason did not answer the petition, but the court appointed an attorney to defend for her.

A great mass of testimony was introduced on the trial by deposition, and the lower court dismissed appellant's action, from which judgment he has appealed. This is an unfortunate case, and all the witnesses seem to be reputable and good citizens. Their differences appear to be misunderstandings, but it would be of no benefit to undertake to discuss their testimony in detail and reconcile their differences. One cannot read the record in this case without coming to the conclusion that appellant clearly sustained the charges in his petition. It is undertaken to avoid this by showing that

appellee was of unsound mind. This is shown, but, according to the testimony, this unsoundness of mind did not occur until after she was guilty of the acts alleged. It appears that after her improper conduct she became infected by poison oak which affected her privates and other parts of her body, and she concluded that she had some loathsome disease; that she thought about this and her immoral conduct until her mind became unbalanced. She was of sound mind and responsible for her conduct when she committed the improper acts, and we are of the opinion that appellant was entitled to a divorce.

But one other question remains to be determined, and that is whether or not appellant is entitled to have the title to the land restored to him. Section 425 of the Civil Code is as follows:

"Every judgment for a divorce from the bonds of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage." etc.

The facts with reference to the land transaction are, in substance, as follows: Appellant owned seventy or eighty acres, became involved to some extent and sold a few acres to pay his debts, and he and his wife conveyed the balance to a third person, without consideration, and that person conveyed, without consideration, to appellant's wife. Under these facts, there can be no doubt but appellee obtained the title to the land by reason of the marital relation existing between her and appellant. If she cannot be said to have received it directly, she can be regarded as having obtained it indirectly and without consideration. Irwin vs. Irwin, 107 Ky., 24. Appellant did not make the conveyance to defraud creditors nor any one else, so far as the record shows, as was done in the case of Lankford v. Lankford, 117 S. W., 962. Under the facts and the law of the case, appellant is clearly entitled to have the title to the land restored to him.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.