## Huston v. Huston's Committee, et al.

(Decided October 31, 1912.)

### Appeal from Fayette Circuit Court.

1. Husband and Wife—Action for Divorce—Insanity of Defendant.—
Committee.—Where the defendant in an action for divorce had been adjudged of unsound mind and a committee for him appointed, and had not thereafter been adjuged of sound mind and his committee discharged, the action was properly brought against him and his committee, even though the defendant was of sound mind when the action was brought.

2. Same—Grounds for Divorce—Insanity.—Although neither a wife nor a husband may obtain a divorce from the other on the ground of insanity, or for acts committed during such insanity a divorce may be obtained for acts occurring prior to the insanity and constituting cause for divorce, and the mere subsequent insanity of the defendant will not defeat plaintiff's right to a divorce, if it existed when the defendant became insane.

3. Same—Limitation of Action—Section 423, Subsection 3, Civil Code—Pleading.—A petition for divorce which alleges, as required by section 423, subsection 3, of the Civil Code, that the cause of divorce occurred or existed five years next before the commencement of the action, but pleads facts which show the contrary, is bad on demurrer.

J. A. EDGE for appellant.

R. S. CRAWFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

Plaintiff, Mattie E. Huston, brought this action against Hugh Huston and his committee, W. A. Gar-

land, for the purpose of obtaining a divorce. A demurrer was sustained to the petition as amended, and the petition dismissed. Plaintiff appeals.

In addition to the usual allegations in regard to residence and citizenship, it appears from the petition that plaintiff and defendant were married on December 7, 1896, and continued to live together for several years. On February 17, 1905, defendant was adjudged of unsound mind, and committed to the asylum. W. A. Garland was appointed his committee. Within one year prior to the time when defendant was adjudged insane, he behaved towards plaintiff for more than six months in such a cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness. His behavior consisted in abusing and cursing plaintiff, and assaulting her at frequent intervals, and in charging her to be unchaste when he knew that such statements were false. After being confined in the asylum for several months, the defendant was released. It is alleged that at the time of filing the petition and amended petition, he was of sound mind, though no judgment to that effect had ever been rendered by a jury. It is unnecessary to set out the allegations of the petition and amended petition at length.

As the defendant had been adjudged of unsound mind, and a committee for him appointed, and as he was never thereafterwards adjudged of sound mind, and his committee discharged, the action was properly brought against him and his committee, even though the defendant was of sound mind when the action was brought. In such a case, defense may be made for a lunatic by his committee as in other cases. Andrews v. Andrews' Committee, 27 Ky. L. Rep., 1119, 120 Ky., 718.

While it is true that neither a wife nor a husband may obtain a divorce from the other on the ground of insanity, or for acts committed during such insanity, Pile v. Pile, 94 Ky., 308, it is, as claimed by counsel for appellant, the well settled law of this State that a divorce may be obtained for acts occurring prior to the insanity and constituting cause for divorce, and that the mere subsequent insanity of the defendant will not defeat plaintiff's right to a divorce, if it existed when the defendant became insane. Andrews v. Andrews'

Committee, supra; Thomason v. Thomason, et al., 142 Ky., 176. That being true, it follows that if this were the only question involved, the petition as amended would be good on demurrer. It appears, however, that although there was an attempt to plead that plaintiff's cause of action accrued within five years from the filing of the petition, the acts relied upon as grounds for divorce occurred more than five years before the action was filed. This is clearly shown by the fact that defendant was adjudged insane on February 7, 1905, and the acts relied on occurred prior to that date. The petition was filed on February 10, 1911, or more than six years after the cause of action accrued. Section 2120, Kentucky Statutes, provides: "An action for divorce must be brought within five years next after the doing of the act complained of." Section 423, subsection 3, of the Civil Code, provides: "That plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce, that the cause of divorce occurred or existed within five years next before the commencement of the action." While the petition as amended contains the allegations required by the code, yet the facts pleaded show the contrary. As the action was not commenced for more than five years after the doing of the acts complained of, it follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.