MARY COX SMITH *v.* H. D. SMITH, *et al.*

(*Nashville.*   December Term, 1928.)

Opinion filed April 13, 1929.

PEEBLES & FORGEY and W. L. McKINNEY, for complainant, appellants.

HUGHES & HUGHES, for defendant, appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The primary purpose of the bill is to have a mortgage declared void and canceled as a cloud upon complainant's title.

In December, 1922, complainant was decreed a *non compos mentis* by the county court, and was committed to the asylum at Nashville.

In 1923, her husband, as next friend, filed a bill against her in the chancery court, asking that her lands be mortgaged to procure funds to support and maintain her, and to reimburse him for moneys which he had expended for that purpose.

The bill asked that no process be served upon the defendant, because, in her weakened and feeble condition, it would be a great deterrent to her well being. No process was in fact served upon her and no copy of the bill left with her.

A solicitor of the court filed an answer as guardian *ad litem,* and undertook to represent her, although no

order was entered upon the minutes or rule docket appointing him guardian.

Comformable to a decree of court, the master executed a mortgage to defendant, Maury County Trust Company, to secure a loan of $2000. This sum was disbursed under the direction of the court, including $800 to the complainant husband.

Mrs. Smith was subsequently restored to normalcy, and in December, 1925, filed the present bill, alleging that her husband practiced a fraud upon her; that he expended none of his funds in maintaining her; that her property yielded a sufficient income to care for her, and asked for an accounting with her husband and the Trust Company. Seeking equity, she proposed to do equity by allowing the Trust Company credit for any portion of said loan which was expended in her behalf.

The court never acquired jurisdiction of the defendant, hence the decree and the subsequent proceedings thereunder were invalid.

In 21 R. C. L., 1262, it is said:

"It is a principle that lies at the foundation of all jurisprudence in civilized countries that a person must have an opportunity of being heard before a court can deprive him of his rights. Any other doctrine would be antagonistic to our form of government, and to the provisions of our constitution. No court, in the ordinary administration of justice, in common-law proceedings, can exercise jurisdiction over a person unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Therefore, in order to authorize a court to determine the adverse claims of parties touching their rights in things, judicial process is indispensable. Until notice is given, the court

has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject-matter. Judgment without notice wants all the attributes of judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered.''

Our statutes dealing with process and its service, as set forth in Shannon's Annotated Code, are as follows:

Section 6149. ''Upon the bill being filed and the required security given, the clerk, after indorsing upon the bill the date of the filing and entering the cause on his rule docket, shall forthwith issue subpoena to answer, and copy of the bill for the defendant, and all other process ordered.''

Section 6156. ''The mode of service of such process shall be by reading the same to each defendant specified therein; and if the defendant evade, or attempt to evade, the service of such process, the officer charged therewith shall leave a copy at the usual residence of the defendant. which shall be a sufficient service.''

Section 6157. ''The sheriff shall, with all reasonable speed, execute all process issuing from the chancery court, and make due return thereof according to law and the requirements of the process.''

Section 6162. ''Personal service of process on the defendant in the court of chancery, is dispensed with in the following cases:

''(1) When the defendant is a nonresident of the State.

''(2) When, upon inquiry at his usual place of abode, he cannot be found, so as to be served with process, and there is just ground to believe that he is gone beyond the limits of the State.

"(3)   When the sheriff shall make return upon any leading process, that he is not to be found.

"(4)   When the name of the defendant is unknown and cannot be ascertained upon diligent inquiry.

"(5)   When the residence of the defendant is unknown and cannot be ascertained upon diligent inquiry.

"(6)   When judicial and other attachments will lie, under the provisions of this Code, against property of the defendant.

"(7)   When a domestic corporation has ceased to do business and has no known officers, directors, trustee, or other legal representative, on whom personal service may be had."

Section 6163.   "To dispense with process in either of the above cases, the facts shall be stated under oath in the bill, or by separate affidavit, or appear by the return."

It will be noted that the present cause falls within neither of the above exceptions, and service was, therefore, necessary to give the court jurisdiction.

In Gibson's Suits in Chancery (2 Ed.), section 227, it is said:

"As already shown, minors and persons of unsound mind must be brought into Court in the same way as defendants not under any disability; but as minors, idiots and lunatics cannot bind themselves by any contract, and, as a consequence, cannot retain counsel, and as they are incapable of making their own defense, the law of the Court requires that they should appear by regular guardian, when they have such; and, if they have none, it becomes the duty of the Court, or of the Master, if the Court be not in session, to appoint a guardian for them,

for the purpose of the particular litigation. This guardian is called a guardian *ad litem.*

"Neither the Chancellor nor the Master can rightfully appoint a guardian *ad litem* unless: (1) the infant, idiot or lunatic is made a defendant to the bill; and (2) is duly in Court by service of subpoena, or publication fully made. The Court must have actually acquired jurisdiction of the person of the infant, idiot or lunatic before a guardian *ad litem* can be appointed, and this jurisdiction can be acquired only by proper service of proper process; and not then, until the return day of such process; for, until the return day, the process is, in contemplation of law, in the Sheriff's hands, and the Court cannot know whether it has been duly served or not; and besides, the party served is not required to appear until the return day of the process."

Counsel for the Trust Company rely upon *Speak* v. *Metcalf,* 2 Chy. Rep., 214. In that case the court was considering a motion for the appointment of a guardian *ad litem* where no process had been served upon the lunatic. In sustaining the motion, the court said:

"In the case before us there has been an inquisition and the finding of lunacy, under the orders of this court. The defendant is, in effect, a ward of the court by virtue of these proceedings, and under its charge. In view of all the circumstances the application will be allowed, and a guardian *ad litem* appointed."

The chancellor held, in effect, that by virtue of the lunacy proceeding he had acquired jurisdiction of the defendant.

█ Accepting the allegations of the bill in this cause as true, it appears that the husband, by inducing the court to dispense with service of process, was enabled to perpetrate a fraud upon his wife.

In any event, we do not feel justified in judicially dispensing with service of process in contravention of our statutes.

The chancellor was in error in sustaining the demurrer of the Trust Company to the bill, and his decree will be reversed and the cause remanded for further proceedings.