QUINN *v.* QUINN.

(*Jackson,* April Term, 1935.)

Opinion filed June 1, 1935.

EXUM & GLASGOW, of Jackson, for appellant.

THOMAS W. PATTON, of Jackson, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a divorce suit. Complainant, Amzle Quinn, avers in his bill that defendant, Nettie Hill Quinn, willfully or maliciously deserted or absented herself from him, without reasonable cause, for two whole years, and that she was guilty of such cruel and inhuman treatment or conduct toward him as rendered cohabitation unsafe and improper.

It is averred that defendant deserted complainant on the — day of October, 1931, and that on June 7, 1932, defendant was legally committed to the Western State Hospital for Insane at Bolivar, Tennessee, and has been confined there ever since.

Process was duly served on defendant, and, it appearing that she was a person of unsound mind without general guardian, the chancellor duly appointed Thomas W. Patton, a solicitor of the court, her guardian *ad litem* to defend this suit for her.

A demurrer was filed to the bill on the grounds (1) that at the time defendant was served with process she was a *non compos mentis* and incapable of making defense to the bill; (2) that two years had not elapsed

from the date of the alleged desertion to the date at which defendant was committed as an insane person; (3) that at the time the bill charging cruel and inhuman treatment was served upon her she was a *non compos mentis* incapable of making defense to said charges. The chancellor overruled the demurrer and allowed an appeal to this court. The assignments of error here make the same questions as were raised by the demurrer.

■■ The first and third grounds of demurrer were properly overruled by the chancellor. Persons of unsound mind must be brought into court by service of process upon them; but, as they are unable to make their own defense, they must appear by a regular guardian, if they have one, and, if not, then the court must appoint a guardian *ad litem* for them. Gibson's Suits in Chancery, section 227; *Smith* v. *Smith*, 159 Tenn., 36, 15 S. W. (2d), 747.

■■ The chancellor was in error in overruling the second ground of demurrer. Defendant was adjudged insane some eight months after the date of the alleged desertion. Under section 8426 of the Code, the willful or malicious desertion or absence of either party, without reasonable cause, made a ground for divorce, must exist for two whole years. The statute contemplates that the desertion or absence be willfully or maliciously continued by the offending party for the full period of two years. The initial act of desertion alone does not constitute ground for divorce. It must be continued in its every element for the period of two whole years. It is at the end of this period that cause of action accrues. Obliviously defendant, after she became insane, could not entertain the intent and purpose of deserting complainant, or of absenting herself from him. For two

whole years after the commencement of the desertion the door of repentance is kept open. At any time within that period the offending party has the undoubted right to put an end to the desertion by returning, or offering to return, in good faith, and resume marital relations. But, for defendant's insanity, she might have decided to return to complainant. Her return, or offer to return, in good faith, would have broken the continuity of the desertion and complainants right of action would not have accrued. It cannot be said that she was afforded opportunity to repent and return when her mind was so diseased that she was incapable of forming the intent to return. Her insanity denied to her the full period of grace afforded by the statute. While we have no reported case in this state on the question, it has been held in other jurisdictions that the time during which the defendant has been insane cannot be included in computing the statutory period of desertion. *Kirkpatrick* v. *Kirkpatrick,* 81 Neb., 627, 116 N. W., 499, 16 L. R. A. (N. S.), 1071, 129 Am. St. Rep., 708; *Storrs* v. *Storrs,* 68 N. H., 118, 34 A., 672; *Harrigan* v. *Harrigan,* 135 Cal., 397, 67 P., 506, 87 Am. St. Rep., 118; *Fisher* v. *Fisher,* 54 W. Va., 146, 46 S. E., 118, 1 Ann. Cas., 251; *Albee* v. *Albee,* 141 Ill., 550, 31 N. E., 153; *Wright* v. *Wright,* 125 Va., 526, 99 S. E., 515, 4 A. L. R., 1331; Shouler, Marriage and Divorce, section 1679.

Complainant in his bill sets up various alleged acts of cruel and inhuman treatment on the part of defendant. If she was sane when these alleged acts were committed, her subsequent insanity would be no defense. "While a divorce will not be granted for acts committed during insanity, a divorce may be granted for acts happening prior thereto notwithstanding the subsequent in-

sanity." Shouler, Marriage and Divorce, section 1679. In *Rathbun* v. *Rathbun*, 40 How. Prac. (N. Y.), 328, it was held that a decree for divorce for adultery will be granted to the plaintiff where it appears that the defendant committed the act of adultery while he was of sound mind, although subsequently he became insane, and was a lunatic for several years previous to and at the time of the commencement of the action and the granting of the decree. This appears to be the well-settled rule. *Huston* v. *Huston's Committee*, 150 Ky., 353, 150 S. W., 386; *Thomason* v. *Thomason*, 142 Ky., 176, 134 S. W., 161; *Garnett* v. *Garnett*, 114 Mass., 379, 19 Am. St. Rep., 369; *Lewis* v. *Lewis*, 60 Okla., 60, 158 P., 368; *Steed* v. *Steed*, 54 Utah, 244, 181 P., 445; *Cain* v. *Milburn*, 192 Iowa, 705, 185 N. W., 478; *Stratford* v. *Stratford*, 92 N. C., 297, 299; *Wray* v. *Wray*, 19 Ala., 522; Keezer, Marriage and Divorce, section 430.

For the error of the chancellor in overruling defendant's second ground of demurrer, his decree must be reversed and the cause remanded. Complainant will pay the costs of this appeal.