## LUMAN H. NICHOLS v. MARY ANN NICHOLS.

### *Adultery. Insanity. Divorce.*

Adultery by an insane person is not cause for divorce.

LIBEL for divorce from the bonds of matrimony. The cause for divorce was the alleged adultery of the libellee. The libellee, by her guardian *ad litem*, resisted the libel on the ground that she was insane at the time of the commission of the adulterous acts charged.

*Heaton & Reed*, for the petitioner.

That insanity is no bar to a petition for divorce for adultery, has been decided in Pennsylvania; *Matchin* v. *Matchin*, 6 Barr 332; and the condition of the law is stated in Bishop on Divorce, sec. 421.

1. *Matchin* v. *Matchin* is sustained in its reasoning by all the authorities that can be consulted.

The procreating of children that shall be known to be of the blood of the master of the household, their support and education,

Nichols *v.* Nichols.

is the basis and ultimate purpose of the marriage and family relation; Bishop on Divorce, secs. 226, 236; 1 Black. Com. 454–5; Rutherford's Inst. 162. Chancellor KENT, 2 Com. 75, quotes the lines of Lucretius for the true legal philosophy of this relation,

" *Castaque privatae veneris connubia laeta*
*Cognita sunt, prolemque ex se videre creatam;*
*Tum genus humanum primum molescere cepit.*"

2. It strikes at the foundation of the marriage relation to place a man in a position where he may be compelled to "*keep a corner in the thing he loves for others' use*," and to surrender his bed and house for a "nest to hatch a brood of strangers to his blood."

Every sane mind revolts at this possibility.

3. It would present a difficulty of considerable nicety to determine the legitimacy of children born under a decision requiring a man to live with an insane adulteress.

The question might have to be determined by a public trial in a court of justice; *Goodright* v. *Saul*, 4 T. R. 356; 1 Black. Com. 490, notes of Arch & Christian. The scandal of such a trial should induce this court to render its occurrence impossible.

*Peck & Colby*, for the libellee.

1 This is a libel for divorce because of adultery. The record shows the appointment of a guardian, by this court, to protect the interests of the libellee, she being incompetent to take care of herself. This fact alone appeals strongly to the court against any *severe* judgment vitally affecting our client.

2. Her insanity is established in the proof and not denied in argument; and we insist that this fact is a complete answer to the libel. The wife has committed no offence. *There is no adultery when there is no will;* Bishop on Marriage and Divorce, 418.

In *Broadstreet* v. *Broadstreet*, 7 Mass. 474, on precisely the case here presented, the libel was dismissed. *That* decision was in 1811, and has not been disturbed by any New England court. Upon *principle*, regarding adultery as a heinous crime, no other result is possible. As to insane persons, "not guilty" is the verdict of the civilized world.

3. But in the absence of *principle*, reasons of *policy* are invoked,

the value and sanctity of the marital relation, danger of spurious issue, valid reasons for the punishment of *adultery*, and found in all the books. Yet it is difficult to see their force as applied to a party *morally* and *legally* guiltless. Suppose the same acts had been committed through *violence*, or *fraud*, upon an innocent woman; punishment would be absurd. So *here*, the greatest of legal penalties is asked to be visited upon the unhappy victim of *insanity*, of whom the law says in its humane and considerate charity, "*Furiosus furore solum punitur.*" Surely no argument of mere political economy or social policy, can justify an infringement of this law. Again, the delusion may be *temporary*; a lucid interval or recovery, after the cloud is removed, would look back on such a judgment as the libellant demands, with a horror that should shock the conscience of the court.

The case is supported somewhat by that of *Matchin* v. *Matchin*, 6 Barr 332; but its reasoning is open to all the objections we have stated. For the husband to put away the wife, for *mental disease*, because it unfits her for the marital relation, is monstrous; as well may it be done for any other disease. Such condition calls for the care and nurture of the husband; not his vengeance. We may well suppose that but for the want of proper care and vigilance of this mad woman, those insane acts would never have been committed. It comes with ill grace from a party thus heedless of his duties, to cite in his behalf the beautiful sentiment of Lucretius,

> " *Castaque privatae veneris connubia laeta*
> *Cognita sunt, prolemque ex se videre creatam.*"

4. To grant a divorce for this cause would but add a *new cause* to those provided. by statute, for it is no less than making insanity one of the grounds for divorce; but our law denies this. " Intolerable cruelty " is a cause. But suppose the acts were committed by an insane person, would they then be sufficient cause? as properly so as adultery; and the *direct* proceeding would be for the court to act upon the insanity as the cause; not inquire after the misdeeds of insane minds.

REDFIELD, Ch. J. This is a libel for divorce *a vinculo*, for the adultery of the wife. The defence was that she was insane

at the time. The court are satisfied of the facts alleged, both in support and defence of the libel, and are not satisfied that the act complained of was done in a lucid interval.

The court held that general insanity is a full defence for all acts which by the statute are grounds of granting divorce. In regard to severity and desertion, there could be no question. There is wanting the consenting will, which is indispensable to give the acts the quality, either of severity or desertion. The case is the same in regard to acts of sexual intercourse with one not the husband. If done by force, or fraud, no one could pretend that it formed any ground of dissolving the bonds of matrimony. And insanity is even more an excuse, if possible, than either force or fraud. It not only is not the act of a responsible agent, but in some sense it might fairly be regarded as superinduced by the consent or connivance of the husband, since he has the right, and is bound in duty, to restrain the wife, when bereft of reason and the power of self control, from the commission of all unlawful acts, both to herself and others.

If the husband, knowing the wife's propensity to self destruction, suffered her to take her own life, he could be regarded as scarcely less than a murderer himself. So, too, in regard to the act complained of. It was in the power of the husband always to guard against such consequences. And if he failed in this duty, he surely could not ask the court to visit the consequence of his own misconduct upon the unfortunate being, whom having sworn to love, comfort, honor and keep, in sickness and in health, till death, he had chosen to abandon to the short charity of a proverbially heartless world, in the hour of her utmost necessity.

And if the case were shown, of those to whose care the husband had prudently entrusted his wife, for care or for cure (as he might lawfully do), having betrayed or abused this confidence to purposes of crime on their part, as might possibly occur without his fault, he surely could not blame his insane wife for the treachery of his own agents, or their assistants. In insanity it is well known that the subject is liable to such illusions as to mistake utter strangers for the nearest relatives. If, too, they retain only the ordinary stimulus of propensity, at such a time, with no power of self control, they are, of course, at the mercy

of every base man.   But in many cases sexual propensity is more
or less excited during insanity, and the liability to such contin-
gencies proportionally increased.

In such cases, for the husband to seek for a dissolution of the
marriage relation, must argue great weakness or great depravity.

We have read the case of *Matchin* v. *Matchin*, 6 Barr 332,
and the opinion of the late Chief Justice Gibson, where he
attempts to maintain that the adultery of the wife, although insane,
is sufficient ground of divorce, for the reason that it tends to
impose a spurious offspring upon the husband.   The reason is
one which will have no application to similar acts committed by
the husband, and as applied to the wife, seems truly revolting to
all just sense of propriety and decency.   We are surprised that
such an opinion should ever have found admission into the reports,
and should be shocked at the prospect that it could ever gain
general countenance in the American Republic.

A majority of the court are of opinion that the libel must be
dismissed.