Grafton, }
June, 1894. }

STORRS v. STORRS.

In a libel for divorce for abandonment, the time during which the libellee has been insane cannot be included in computing the statutory period of three years.

LIBEL FOR DIVORCE, for abandonment, filed September 27, 1893. The parties were married January 1, 1878, and lived together until June, 1882, when the defendant abandoned the plaintiff without cause and without his consent. In the fall of 1882 the defendant became incurably insane and incapable of performing her marital duties. In February, 1883, she was placed in the asylum for the insane, where she has ever since remained. She appeared by a guardian *ad litem*.

*Samuel B. Page*, for the plaintiff.

CARPENTER, J. A libel may be maintained and a divorce decreed against an insane person for causes of divorce which arose and became complete before the defendant became insane.

*Mansfield* v. *Mansfield*, 13 Mass. 412; *Mordaunt* v. *Moncreiffe*, L. R., 2 Sc. & Div. App. 374. Insanity at the time of the commission of the acts constituting the ground of divorce is a full defence. *Broadstreet* v. *Broadstreet*, 7 Mass. 474; *Garnett* v. *Garnett*, 114 Mass. 379; *Nichols* v. *Nichols*, 31 Vt. 328.

Abandonment, to constitute a cause of divorce, must continue for three years together. P. S., c. 175, s. 5. The time during which the defendant has been insane cannot be included in computing the statutory period. But for her insanity, it may be that she would have repented and returned to her husband.

*Libel dismissed.*

CHASE, J., did not sit: the others concurred.