## BLANDY *v.* BLANDY.

DIVORCE; DESERTION; INQUISITION OF LUNACY.

1. In a suit by a husband against his wife for divorce on the ground of desertion, where it appears that the wife after abandoning the petitioner in another jurisdiction came to this jurisdiction, from which she wrote him letters reproaching him for ill-treatment and bringing to his mind the causes which compelled her to abandon him finally, and indicating that such was her determination when she left him, such letters will not have the effect of showing that her intention to desert the petitioner was not definitely formed until after her arrival here, and that, there-

fore, this jurisdiction was the place at which the desertion occurred.

2. A suit for divorce on the ground of desertion brought by a husband against his wife before the code went into effect from and after January 1, 1902, is properly dismissed, where it appears that the petitioner was a nonresident of the District of Columbia; *construing* Secs. 738–740, R. S. D. C.

3. An inquisition of lunacy, taken under judicial authority, and in a regular proceeding had for the purpose, while not conclusive of the facts therein found against persons not parties thereto, is *prima facie* evidence against the persons who may be affected thereby.

4. The time during which a wife has been found by an inquisition of lunacy to be insane, cannot be included in computing the statutory period of desertion required to entitle the husband to a · divorce.

No. 1209. Submitted October 22, 1902. Decided November 18, 1902.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a petition for divorce.                *Affirmed.*

*Mr. E. W. Van Dyke* and *Mr. Henry E. Davis* for the appellant.

There was no appearance for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This was an application for a divorce filed in the court below by a husband, Elwood B. Blandy, against his wife Clara A. Blandy, upon the alleged ground of desertion by the latter. The court below dismissed the petition, because it appeared, as stated in the decree, that the petitioner was not, at the time of filing the petition, and never had been, a resident of the District of Columbia. The petitioner has appealed.

In the petition it is alleged, that the petitioner, the complaining husband, is a citizen of the United States and a resident of the State of New Jersey. That the defendant,

the alleged deserting wife, is a resident of the District of Columbia, though she is, and for some time past has been, insane, and as an insane person is now, and for some time past has been, upon due commitment, confined in the Government Hospital for the Insane, in the District of Columbia.

It is alleged that the parties were married in the city of Baltimore, in the State of Maryland, in March, 1876, and went to reside in the State of Ohio; and that in April, 1890, whilst residing in that State, the defendant, without just cause, deserted the complainant and came to the city of Washington, where she has been ever since. That, although requested by her husband to return to him, she has positively refused so to do, as alleged by the husband in his petition.

There was a guardian *ad litem* appointed to answer for the wife, the insane defendant confined in the hospital, and a mere formal answer was filed, admitting the facts alleged. There was some evidence taken on the part of the husband, though the whole proceeding was, essentially, of a mere *ex parte* character.

The first question presented is, whether the complainant, not being a resident of this District, and never having resided therein, is entitled under the law to institute and maintain this proceeding against his wife for divorce, though the alleged offending wife may reside here? This depends upon the construction of the provision of the Revised Statutes relating to this District, prescribing the terms and conditions upon which divorces might be granted, at the time the petition in this case was filed.

By section 738 of those statutes, it was declared, that divorces from the bond of marriage might be granted, among other causes mentioned, " for wilful desertion and abandonment by the party complained of against the party complaining, for the full uninterrupted space of two years." And by section 740, it is declared that " No divorce shall be granted for any cause which shall have *occurred out of the District,* unless the party applying for the same shall have resided within the District for two years next preceding the application."

The petition was filed in this case on the 29th day of August, 1901; and by the petition it is alleged that it was during the month of April, in the year 1890, " that the defendant wilfully and without just cause or provocation deserted your complainant, who was then residing in Winton Place, Ohio, and went to live with her mother in the said city of Washington, where she has since remained," and has declined to return, etc. This petition is sworn to by the petitioner; and according to the facts alleged, the act of wilful desertion by the wife occurred in April, 1890, while the husband and wife were residing in the State of Ohio. Clearly, therefore, upon his own sworn statement, he has no right to maintain this proceeding against the insane wife in this District.

The term " desertion," as used in the law of divorce, contemplates a voluntary separation of one party from the other without justification, with the intention of not returning. Separation and intention to abandon must concur to constitute desertion and a ground for divorce; and though the breach of the marital relation occurs when the one party separates from and wilfully abandons the other, with a fixed intention of not returning, yet the right to a divorce for the breach of such marital relation is not complete until the expiration of the period fixed by the statute. The act of wilful desertion of the husband by the wife, as we have seen, is charged as having taken place in Ohio, and that allegation is made under oath of the husband. But in order to avoid the effect of this allegation, it is attempted to be shown that the intention of the wife to desert the husband was not definitely formed until some time after she had left the home of her husband, and after her arrival in Washington at the home of her mother, and, therefore, Washington was the place at which the desertion occurred, and not the State of Ohio. And as evidence to show when she first resolved to make the desertion of her husband final, two letters are introduced, written by the wife to the husband, from Washington, the first dated April 11, 1890, and the other June 9, 1890. Both of these letters are well and carefully written, and contain

many bitter reminders of, and severe reproaches of the husband, for ill-treatment that she states she received at his hands. So far from these letters furnishing evidence of a subsequent formed intention to desert the husband, that is to say, after she had left his home in Ohio, the object of them would appear to have been to bring to the mind of the husband the causes why she felt herself not only justified but compelled to abandon him finally, and that such was her determination when she left his house in Ohio, with her child, to return to her mother.

But if it were conceded that it was not until the writing of the letter of April 11, 1890, that evidence was furnished of the final determination of the wife to desert her husband, such concession would not relieve the husband of the difficulties in his way to the maintenance of this proceeding under the statute.

As we have already stated, the petitioner is a nonresident of this District, and has never resided therein. It is urged that though the terms of section 740 of the statute may be wanting in clearness and certainty of expression as to the right of a nonresident to maintain an action for divorce where the cause of such action has occurred in this District, yet the implications arising from the terms employed are sufficiently strong to entitle a nonresident, in such case, to maintain the proceeding. And that was the original construction of the statute. In the case of *Smith* v. *Smith,* 4 Mackey, 255, it was held by the general term of the Supreme Court of the District, three justices sitting, that a nonresident husband could maintain an application for a divorce from his wife for a cause that occurred within this District. But that construction of the statute appears not to have met with favor from either the bench or the bar; and consequently the question was again brought before the general term, and before a full bench, for review. In the meantime one of the justices who had heard the previous case had died, but the other two of the justices who had participated in the decision of *Smith* v. *Smith,* sat in the subsequent case of *Richards* v. *Richards,* 19 D. C. 431, and concurred in over-

ruling the prior decision in the case of *Smith* v. *Smith,* and in holding that, in order to give the Supreme Court of the District jurisdiction to grant divorces, the petitioner therefor must be a resident of the District.

In concluding the opinion in the case of *Richards* v. *Richards,* delivered by Mr. Justice James, it was said: "In coming to this conclusion we have not failed to observe that a contrary view of this statute was taken by this court in the case of *Smith* v. *Smith,* 4 Mackey, 255. We have examined this question only the more carefully because that decision was made; and it is proper to add, that inasmuch as the submission of the case on printed argument gave us the opportunity to do so, the present conclusion is reached after consideration by all the judges, and is unanimous. The decree is therefore affirmed."

Upon every consideration of judicial propriety, having in view the circumstances under which the last decision was made, we think we must regard the construction of the statute settled, and that construction conclusive of this case.

But there is still another ground upon which the order appealed from would have to be affirmed, and that is, the period of two years from the supposed time of the act of desertion by the wife in the city of Washington had not elapsed before she was declared by inquisition to be insane, and from the time of finding the inquisition she has been confined in the Government Hospital for the Insane at public expense, and in no manner cared for or even visited by her husband. The inquisition was taken, on regular proceeding, on the 10th day of September, 1892, and by that inquiry it was found that Mrs. Blandy, the wife in the present divorce proceeding, had been a lunatic since the 1st day of January, 1892. It was also found by the inquisition that the character of her lunacy was *dementia.* This inquisition, taken under judicial authority and in regular proceeding had for the purpose, while not conclusive of the facts therein found against persons not parties thereto, is *prima facie* evidence against all persons who may be affected thereby. 1 Greenl. Ev., Sec. 556; 2 Bish. Mar. & Div., Secs. 1243 to 1246.

And this being so, it is clear upon authority as well as upon principle, that even assuming, as contended by the petitioner, that the period of desertion commenced from the writing of the letter of April 11, 1890, the time during which the wife has been found to be insane cannot be included in computing the statutory period of desertion required to entitle the husband to a divorce.    There was, therefore, no ground shown for the divorce asked by the husband.    For the continued desertion must depend upon the continued intention, and, as has been well said, but for the insanity of the wife she may have repented and returned to her husband before the expiration of the statutory period. *Storrs* v. *Storrs* (N. H., 1894), 34 Atl. Rep. 672; *Nichols* v. *Nichols,* 31 Vt. 328, 331; *Pile* v. *Pile,* 94 Ky. 308.

It follows that the order of the court below from which this appeal is taken, dismissing the petition of the husband, was clearly right, and must, therefore, be affirmed; and it is so ordered.                                    *Order affirmed.*