Keeler, J.
This is an action for divorce brought by Thomas B. Lewis against his wife, Mary Lewis. The petition is in the usual form, and alleges that the defendant has been guilty of gross neglect of duty; and further states that the defendant has been for several years last past, and is now, hopelessly insane; that she is now confined in the State Hospital at Massillon, Ohio, having been adjudged insane and committed to said hospital by the Probate Court of Stark County, Ohio.
The said probate court appointed a guardian for said defendant; but it appearing to this court that the guardian’s interest was adverse, the court appointed attorney A. G. Carpenter, Esq., trustee of said defendant, to whom the court is greatly indebted for his investigation of and brief on the questions involved. Said trustee filed an answer setting forth the insanity of his ward, that he had made careful inquiry as to her present condition, and found that it was the opinion of the physicians *243 in charge of said State Hospital that said defendant was an incurable patient, and further answering made general denial of all the other facts set forth in said petition.
The court is satisfied from the testimony that said defendant has been and is now insane, as alleged in said petition, and is also probably an incurable patient; and that defendant, prior to having been adjudged insane, committed acts constituting such gross neglect of duty as to warrant the court in granting plaintiff a divorce, provided the court is not prevented from so doing by the fact of the insanity of said defendant.
Two questions present themselves:
First. Had the court authority to appoint a trustee in this case, the suit being for divorce and the defendant insane?
Second. Has the court any jurisdiction or authority to entertain a divorce proceeding against an insane person, where the aggressions alleged occurred prior to the insanity?
I. We understand the circuit court of this county had held that it is proper in a divorce proceeding to appoint a trustee, where the defendant is insane and the guardian’s interest adverse. But inasmuch as there appears to be no published record' of such opinion, it may be well to give the court’s reasons for holding valid the appointment of a trustee in this case.
Chapter 6 of the Code of Civil Procedure, which relates to special proceeding in divorce and alimony, makes no provision for the appointment of such trustee, but Section 5000, which relates to civil actions, specifically provides that—
“The defense of an insane person must be by his legally appointed guardian, or, if there is no guardian, or if the guardian has an adverse interest, ’by a trustee for the suit, appointed by the court, and if the insanity of a party be discovered or he become insane after the action is brought, it shall be thereafter prosecuted for the defendant by his guardian, or his trustee, appointed as provided in this section.”
As originally enacted on March 14, 1853 (51 O. L., 473, Section 4) it read:
“Whenever in any suit in court now pending or that may hereafter be instituted, it shall manifestly appear to the court *244 that any person who is a party to such suit is an idiot, lunatic, or insane person,” the court may appoint a trustee.
This act was passed three days after the Legislature had adopted the original Code of Civil Procedure (51 O. L., 57), and the act concerning divorce and alimony (51 O. L., 377), both of which were also carried into the revision and consolidation of the laws relating to civil procedure above referred to. No provision for serving an insane person is made either in the special proceeding for divorce, or in the general proceedings relating to civil actions in the Code of Civil Procedure. Yet insane persons have always been served with process in civil actions, and sometimes in suits embraced within the civil procedure chapters of the code, the most notable of which are those brought for assignment of dower. The provision for the service of summons in civil actions, and in suits for divorce, are identical, with the exception that in divorce proceedings a copy of the petition accompanies the summons. In the ease of Johnson v. Pomeroy, 31 Ohio St., at page 284, Judge Mcllvaine in his opinion says:
“An insane person may be sued and jurisdiction over his person acquired by the like process as if he were sane; but when it is made to appear to the court that the party to the suit is insane, it is made the duty of the court by statute, to appoint a trustee to prosecute or defend the suit, for and on behalf of such insane party, and indeed before the statute it was the duty of the court to appoint a guardian ad litem for an insane party. And no doubt it is the duty of a plaintiff, who sues an insane person, if he have knowledge of the insanity, to inform the court thereof; but the failure to perform any of these duties does not affect the jurisdiction of the court, but only the regularity of the proceeding. ’ ’
If, then, the general provisions of the code be supplementary to the special proceedings, such as dower, divorce, real actions, etc., contained in part third, known as civil procedure, then it would follow, as a matter of course, where special provision has not been made for carrying into effect the several special procedures aforesaid, the means provided in the general rules will be available to carry out the provisions in the special procedure acts of the code relating to dower, divorce, real actions, etc. That the general rules are supplementary is made manifest by reference more especially to Section 4948 and Section 4956. Section 4948 relates to the construction of part third, which includes all of the Code of Civil Procedure, and provides that all of the *245 provisions of the Code of Civil Procedure shall be liberally construed in order to promote its object and assist the parties to obtain justice, etc.
Section 4956 is as follows.:-
"Where in part three of this revision special provision is made as to service, pleadings, competency of witnesses,- or in any other respect, -inconsistent with the- general provisions in this title, the special provisions shall govern unless it appear that the provisions are cumulative.”
"Where a statute gives a new remedy without impairing or denying the one already known to the law, the rule is, to consider it as cumulative, allowing either the new or the old remedy to be pursued at the option of the party seeking redress." Darling v. Pet., 15 O. Rep., 65-72.
If, therefore, the court has jurisdiction and power to hear this suit, the court is satisfied that the appointment of a trustee in this case is a valid exercise of its power, and the trustee’s appointment as such will therefore be recognized.
II. The proposition whether the insanity of a defendant deprives the court of jurisdiction and power to entertain a suit in divorce, is a more difficult and serious question. It must not be confounded in any manner with the question whether insanity furnishes a ground for divorce. The matter appears never to have been passed upon by our Supreme Court.
In the case of Clowry v. clowry, 4 C. C., 302, the Circuit Court of Lucas County, Scribner, J., is reported as holding that—
‘ ‘ Where in a proceeding for divorce it appears that the defendant is insane, no divorce can be granted. ’ ’
In the above case it does not appear, in the statement of the pleadings given, nor in the report itself, whether the aggressions complained of occurred before or after the defendant became insane. The holding of the court is based upon a declarative statement of its opinion merely, without any. statement of its reasons, and without citation of authority.
The same question arose in the circuit court in this county in the case to which reference has been made, but that court declined to pass upon the question, inasmuch as the matters before it related to property rights.
*246 Holland, in his excellent treatise on Jurisprudence, says, p. 159:
“Marriage in primitive races seems to have consisted in the forcible capture of the woman by the man. Later, the capture was symbolical, followed by a voluntary sale or gift of the woman to the man. The more modern form of marriage is that of a mutual and voluntary conveyance or dedication of the one to the other. ’ ’
On page 169—
“The contract of marriage, giving rise as it does to a status, must obviously be governed by rules varying somewhat from those governing contracts generally.”
“Our law,” says Blackstone, “considers marriage in'no other light than as a civil contract. ’ ’
. Bishop says, in his work on Marriage and Divorce, Vol. 1, Section 14: ..
‘ ‘ The mere agreement to marry is not essentially different from other executory contracts. But when it is executed in what the law accepts as a valid marriage, its nature, as a contract, is merged in the higher nature of status. ’ ’
The rights thus acquired to the society, control and protection of one’s family is a normal and inalienable right, possessed by the husband or wife, and exists against the world generally, and is therefore a right in rein, arising from the new relation properly termed stains.
Out of this stains there arises ex lege certain mutual obligations between husband and wife, and the Legislature has enumerated those obligations, upon the breach of which it furnishes to the wronged party the remedy. These mutual obligations are that neither party shall commit adultery, be guilty of extreme cruelty, or any gross neglect of duty, or of habitual drunkenness for three years, etc. The violation of any one of these obligations gives rise to an action for divorce.
According to Mr. Bishop, these violations are in the nature of a civil tort, and therefore a divorce suit is in essence an action in tort, though not technically known by this name. The suit is in the nature of a proceeding in rem, but this applies *247 only so far as it relates to the divorcement of the parties. It is a suit in'personam when the collateral property relations of the married parties are- considered. In this state for many years divorces were granted by the Legislature, because it was considered that the Legislature had inherent power to grant them. But in the case of Bingham v. Miller, 17 O. Rep., 445, the Supreme Court held that the Legislature never had the power to grant divorces, and that the subject of divorce was judicial and not legislative. To put at rest a practice which had been followed by the Legislature up to the time of this decision, the framers of the Constitution of 1851 provided that the General Assembly should grant no divorces. And recognizing it as exclusively a judicial proceeding, the Legislature, in 1853, conferred upon the common pleas courts cognizance of granting divorces.
In the codification of the statutes under the act of June 20, 1879, the special provisions relating to dower, divorce, etc., were all included in part three, styled “civil procedure,” and were designated under division seven of “special proceedings,” and therefore a suit for divorce may properly be called a civil proceeding, and under Section 4956, in the absence of special provision, the general provisions of the code, will become available in working out the remedy. Corry v. Lamb, 43 Ohio St., 390-4.
It would seem to follow, therefore, the suit of divorce being a civil proceeding founded upon the tortious conduct of defendant while sane, and it being established practice under our civil procedure to maintain suits against insane persons the same as against sane ones both in civil actions and civil proceedings, there can be no just ground for excepting divorce causes. 2 Bishop, Section 518; Nelson on Divorce, 699; Douglass v. Douglass, 31 Iowa., 421; Storrs v. Storrs, 34 Atl., 672; Rathbun v. Rathbun, 40 How Prac., 328; Ex rel State v. Murphy, 85 Pec., p. 1004.
The court is satisfied from the foregoing statement and authorities that the court has jurisdiction and power to entertain this suit, and being satisfied from evidence adduced that the defendant, prior to her insanity,- was guilty of gross neglect of duty towards the plaintiff, the court therefore finds that the *248 plaintiff is entitled to be divorced from the defendant, for which an entry may be drawn.
Granger & Granger, for plaintiff.
A. G. Carpenter, trustee, for defendant.