ROBERT KIRKPATRICK, APPELLANT, V. ELLEN KIRKPATRICK,
APPELLEE.

FILED MAY 7, 1908.   No. 15,216.

1. **Divorce:** ABANDONMENT.   The fourth subdivision of section 5328,
Ann. St. 1907, construed, and *held* to mean that not only must the
act of desertion or abandonment be wilful, but it must be wil-
fully continued for a period of two years.

2. ———: ———: INSANITY.   Where the wife abandons the husband
without just cause, and thereafter becomes insane, a cause of
action for divorce does not accrue to the husband until the lapse
of two years, exclusive of the time that she is insane.

APPEAL from the district court for Adams county:
ED L. ADAMS, JUDGE. *Affirmed.*

*R. A. Batty,* for appellant.

*F. P. Olmstead, contra.*

GOOD, C.

The parties to this action were united in marriage in
1901, and lived together as husband and wife until De-
cember, 1903, when, so far as the record discloses, without
any cause the wife took her clothing and left the home of
her husband and went to the home of her sister.   In less
than a year she was adjudged insane and committed to the
hospital for the insane at Lincoln, Nebraska, where she
has since remained, except that she was released on parole
for a period of two months in the summer of 1905.   In Sep-
tember, 1906, Robert Kirkpatrick, the husband, brought
this action for a divorce upon the ground of wilful aban-
donment for two years.   A guardian *ad litem* was ap-
pointed, and answered for the defendant.   The answer was
a general denial, coupled with an averment of the facts
as to her insanity and commitment to the asylum.   Upon
a trial of the issues thus joined, the district court found
in favor of the defendant, and denied plaintiff a divorce,

upon the sole ground that the defendant had not been of sound mind for two years since she had abandoned the plaintiff, and held that the abandonment must be continued wilfully for two years. To review this judgment the plaintiff has appealed to this court.

The appeal presents but a single question for determination: Can abandonment be a ground for a divorce when the offending party has been sane for less than two years after the abandonment? The determination of this question rests upon the construction to be given to the fourth subdivision of section 5328, Ann. St. 1907. This section states the grounds for which a divorce from the bonds of matrimony may be granted. The ground stated in the fourth subdivision is: "When either party shall wilfully abandon the other without just cause for a period of two years." Appellant contends that the facts that while of sound mind the appellee abandoned her home and husband with the intention of not returning and that she had not returned to him for more than two years are sufficient to entitle him to a divorce, and that it is immaterial that she was of unsound mind during a portion of the two years. Upon the other hand, it is contended by the guardian *ad litem* of the appellee that not only must the act of abandonment be wilful, but the continuation of it for two years must be wilful; that appellee, having become insane within less than a year, was incapable of being wilfully absent or of wilfully continuing the abandonment of her husband; and that therefore no right of action for divorce accrued to the appellant. The precise question does not appear to have been frequently before the courts, and but few precedents can be found. The supreme court of Iowa, in *Douglass v. Douglass,* 31 Ia. 421, construed a statute somewhat similar to ours, and held that it was immaterial that the offending party became insane after the abandonment and before the expiration of the period requisite to constitute a ground for divorce. The Iowa statute reads as follows: "When he wilfully deserts his wife and absents himself without a reasonable cause for the space of

two years." The court in construing this statute held that the statute means that, if the husband wilfully deserts his wife when she by her conduct has not given him a reasonable cause, and if he afterwards remains away for the requisite period without her giving him any reasonable cause, she is entitled to a divorce. It was held that the reasonable cause which would justify the desertion or absence could only be established by proof of wrongful conduct on the part of the wife, and that no other cause for the absence than that arising from the misconduct of the wife could be shown to defeat her right of action, and that the absence of the husband could only be excused by the fault or misconduct of the wife, and could not be excused by the misfortune of the husband. In a more recent case the supreme court of New Hampshire held that, to entitle the husband to a divorce against his wife on the ground of abandonment while she was sane, such abandonment must be continued for the full statutory period prior to her insanity. *Storrs v. Storrs,* 68 N. H. 118. It was there held that the time during which the defendant was insane could not be included in computing the statutory period. It is a universal rule that, where one spouse abandons or deserts the other and returns to the unoffending party before the expiration of the statutory period, a ground of divorce does not arise or accrue. Our statute has fixed the period of two years, and the offending party could return at any time prior to the expiration of two years and thus prevent a cause of action accruing to the other party. Separation, no matter how long continued, unless there was an intent not to return, or, in other words, an intent to abandon, would not constitute a ground for divorce. On the other hand, no matter how wilful the desertion may be, nor how destitute of reasonable cause, there is no ground for divorce, unless it is continued for a period of two years. As is aptly stated in *Albee v. Albee,* 141 Ill. 550: "At any time during that period the offending party has an undoubted right to put an end to it, and if that is done no cause for divorce has

arisen. If at any time during the two years the party guilty of the desertion, in good faith and with an honest intention to resume the marital relations, returns or offers to return to the deserted husband or wife, the continuity of the desertion is broken. Nor can the deserted party prevent this by refusing to receive back and to resume marital relations with the one guilty of desertion. He or she cannot, because the other has taken a position, however wilful or causeless it may have been, hold him or her to it. For the two years the door of repentance and return must be kept open, and, if it is closed and barred when an offer to return is made in good faith, not only is the desertion terminated, but the circumstances may be such as to reverse the legal attitude of the parties, and constitute the party originally offended against, from that time forth, the offender."

We are of the opinion that the statute means and contemplates that the abandonment should be wilfully continued by the offending party for the full period of two years. If this were not true, we can see no reason why any definite time should be fixed in the statute for the abandonment to exist. The statute does not contemplate that the act of abandonment alone shall be sufficient ground for divorce. It must be continued for a period of two years. The cause of action does not accrue until that time. If the one of sound mind is entitled to have the door of repentance held open to him for two years, we think that the same opportunity should be afforded to one who is mentally incompetent; and it cannot be said that she is afforded such opportunity so long as her intellect is so clouded that she is incapable of forming the intent to return. A spouse who is insanse cannot, under our statute, be guilty of conduct that will constitute a cause for divorce in favor of the other, for the reason that she is incapable of intentionally doing or committing an act that will constitute a ground for divorce. The ground for divorce did not exist in favor of the appellant in this case at the time that appellee became insane. The cause of

action had not yet accrued to him. We are of the opinion that it could not accrue to him during her period of insanity. It follows that no part of the time during her insanity could be reckoned as a part of the two years' abandonment necessary to constitute a cause or ground for divorce.

The judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.