SCOGNA *v.* SCOGNA.

DIVORCE; EQUITY; DISMISSAL; DISCRETION.

**In a** suit for divorce and custody of children by a husband charging his wife with desertion at a time when she was under police observation

---

Note.—On the question of insanity as grounds for divorce, see notes in 34 L.R.A. 161, and 39 L.R.A. 264.

here as to her sanity, and that she had subsequently been adjudged insane in another jurisdiction, after which she returned to this District, a motion by the defendant made after answer filed, to dismiss, was sustained, with leave to the plaintiff to amend, and he amended by inserting an averment in his bill that his wife had been permitted to leave the District by the police authorities; whereupon the court, on the defendant's motion, dismissed the amended bill. On appeal by the plaintiff it was *held* that it was within the discretion of the court below to entertain the motion to dismiss, notwithstanding answer had been filed; that plaintiff having taken no exception and not having asked additional leave to amend, and the amendment not having materially changed the bill, and it not appearing that the defendant was sane at the time of the alleged desertion, or had not left the plaintiff with his permission, which it was incumbent upon the plaintiff to show, the bill was properly dismissed.

No. 2992. Submitted February 6, 1916. Decided March 6, 1917.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity for a divorce.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a bill for divorce.

The bill was filed April 17, 1916, by Giustino Scogna, alleging that he and defendant were married on the 22d day of February, 1905, in Philadelphia, Pennsylvania; that they established homes in Baltimore and other points in Maryland for several years, then returned to Philadelphia, remaining six months, returning to Maryland, and thence removing to the District of Columbia on July 11th, year not given; four children were born of the marriage.

The sixth paragraph alleges that defendant in the latter part of May, 1914, was under police observation here as to her sanity, but was permitted to leave the District on June 1, 1914, and return to the home of her father in Philadelphia; that by said act the defendant intended to, and did desert, petitioner; and she has not since shared the petitioner's bed and board

of her own volition, or at all.  She took with her two children, Jerome and Lucy.  After remaining with her father a while she went to Reading, Pennsylvania; then she went to Chicago, Illinois, where she attracted the attention of the police authorities, and she was adjudged insane.  Not being chargeable to Chicago as a legal resident, she was permitted to leave there and returned to the home of petitioner's mother, where she has since resided.

Plaintiff still believes defendant to be of unsound mind and of insufficient responsibility to be intrusted with the care of the children.  That defendant has on several occasions deserted petitioner and the children, and threatened his life with a revolver.

He prays for the custody of the children and for a decree of divorce *a mensa et thoro*.

Defendant answered the bill April 25, 1916, alleging that during the spring of 1914, and following the birth of her last child and as a result of puerperal fever contracted during her childbirth, she became temporarily afflicted in mind as well as body.  She says that she was permitted to leave the District June 1, 1914, and that her husband escorted her to the railroad station, purchased her ticket, and gave her a small sum of money with which to go to her father in Philadelphia, under the belief that a sojourn there might improve her health.  That so far from said act on her part having been a desertion of the petitioner, the said trip was taken at the instance and request of the plaintiff.

Defendant says that her removal from Philadelphia to Reading was necessitated by threats emanating from the plaintiff that he would have her confined in an insane asylum.

She admits that she went to Chicago, Illinois, and that she was there cared for in the psychopathic ward of a public institution, where she was to be cared for until she recovered from her illness, but that she was returned by the authorities to Washington, to the psychopathic ward of one of the hospitals in Washington, of which she was legally a resident.  That upon return to plaintiff's home he refused to receive her, but left

her there with his mother, who had been keeping house for him during defendant's absence.

She says she is now of sound mind, able to care for her children, and avers that the question of her mental soundness is immaterial to the duty of the petitioner to support her and her children.

She denies that she has deserted the petitioner and the children, or threatened his life.

She prays an order of maintenance.

May 8, 1916, plaintiff moved the court to pass an order adjudicating the rightful custody of the children mentioned in the bill; and as incident thereto that appropriate issues may be framed for trial by jury concerning the present mental condition of defendant. He accompanied this with an affidavit that the latter part of May, 1914, defendant was under police observation here as to her mentality, but was permitted to leave the District on June 1, 1914; that an inquiry into her mental condition was thereafter held in Philadelphia, Pennsylvania, and the authorities there permitted her to leave; and that afterwards she went to Chicago and was there committed for insanity to the State Hospital, and she was permitted to leave Chicago because of nonresidence there, and came to Washington, where she has since resided with plaintiff's mother; that affiant provided support for the maintenance of defendant and the children by paying the same to his mother; that they lack for nothing; that she is irresponsible in money matters, and is unfit to be legally accountable for the care of the children.

On May 9, 1916, the defendant moved to dismiss the petition and to award her counsel a reasonable fee for defending the suit.

May 12, the court heard the motion to dismiss and sustained the same, with leave to plaintiff to amend within ten days.

May 15, plaintiff amended by inserting in paragraph six thereof after the word "permitted" the words "by the police authorities of the District of Columbia."

May 16, defendant moved to dismiss the amended bill.

May 23, plaintiff moved the court to appoint a guardian *ad*

*litem* for defendant; and says that she was adjudged insane in Chicago, Illinois, and committed March 4, 1915, to the Chicago State Hospital to be treated for insanity; and was permitted to leave said hospital solely because she was a nonresident there.

June 2, the court heard the motion to dismiss and ordered that the amended bill be dismissed at plaintiff's cost.

From this decree plaintiff has appealed.

He assigns for error, among other things, entertaining the motion of May 9, 1916, by a person incompetent to make the same; entertaining the motion of May 16, 1916, by a person incompetent to make the same; and error in entertaining the motions after answer filed; and because the motion of May 9 and May 16 were inconsistent with the motion of May 5; because the court erred in refusing to act on motion of May 8, 1916, and in the conditional dismissal of the bill of May 12, 1916, and in the absolute dismissal of the bill of June 2, 1916; in totally dismissing the bill, when any prayer thereof could have been granted, and dismissing the bill without hearing evidence, when it had been calendared for final hearing, and in dismissing the bill, if amendment thereof would cure any formal defects.

*Mr. J. H. Adriaans* for the appellant.

*Mr. Edward Mascolo* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It was within the discretion of the court to entertain the motion to dismiss, notwithstanding answer had been filed. Moreover, after the first bill had been dismissed, and amendment filed, the cause was open to demurrer.

In our practice the motion to dismiss has been substituted for the former demurrer.

It was not error to dismiss the bill. Plaintiff took no exception and asked no additional leave to amend. The amendment

did not materially change the allegations of the sixth paragraph of the original bill.

It appears from the bill that the sanity of the defendant was in question when she was permitted by the police authorities to leave the District, and that subsequently she was adjudicated insane in Chicago. If she was insane when she left the plaintiff's house, she cannot be said to have an intention to desert him. She would not be responsible for such action.

It was incumbent upon the plaintiff to make it perfectly clear that she was not insane when she deserted him, and that it was not with his permission that she did so, in order to entitle him to a decree for separation.

Having failed to do this, his bill was properly dismissed.

The 'decree is affirmed with costs.　　　　　*Affirmed.*