Wytheville.

WRIGHT V. WRIGHT.

June 12, 1919.

Absent, Burks, J.

1. DIVORCE—*Insanity as Bar—Desertion.*—The insanity of the defendant is no bar to the prosecution of a suit for divorce for a cause which accrued before such insanity began. Thus, where a divorce is sought on the ground of desertion and the desertion had continued for three years before the insanity of the defendant intervened, then the cause of action would be complete and the insanity would be no defense.

2. DIVORCE—*Insanity as Bar—Desertion.*—Where a divorce is sought on the ground of desertion and it appears that within three months after the alleged desertion the defendant became insane, and remanded so until suit for divorce was begun, the insanity of the defendant is a bar to the suit.

3. DIVORCE—*Desertion—Insanity.*—The Virginia statute (Code of 1904, sec. 2257) provides that a divorce from the bond of matrimony may be decreed to the party abandoned "where either party willfully deserts or abondons the other for three years." Under this statute, at any time during the three years succeeding the abandonment the offending party has the undoubted right to return to the other, and if that right is exercised there is no ground for divorce. For three years, in Virginia, such offender may repent and return. The ground for an absolute divorce does not accrue from the mere abandonment. It must be willfully continued for the period fixed by the statute, and the cause of action does not accrue until that time has elapsed. Of course, an insane person is incapable of forming the intent, either to continue the desertion or to seek a reconciliation.

Appeal from a decree of the Circuit Court of Louisa county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Gordon & Gordon,* for the appellant.

*W. C. Bibb,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

The complainant, Mrs. Robert W. Wright (Minnie A. Denton Wright), appeals from a final decree sustaining a demurrer to her bill for divorce, filed against her husband, Robert W. Wright, which alleges as the ground therefor that he willfully deserted her on January 27, 1914, and that such desertion has continued for more than three years. The bill also alleges that on May 26, 1914, her said husband was adjudged a lunatic, and was thereupon confined in the Western State Hospital; that he had been permitted since then to come to Louisa county on a furlough, and while there seemed perfectly natural and sane, though he is still confined as a lunatic. The court appointed a guardian *ad litem* for the defendant, who filed a general demurrer to the bill, and for cause of demurrer relied upon the insanity of the defendant, occurring within less than three years from the date of the alleged desertion.

[1, 2]    While it may be regarded as settled by the great weight of authority that the insanity of the defendant is no bar to the prosecution of a suit for divorce for a cause which accrued before such insanity began, yet the precise question presented by this record appears to have arisen in very few cases. If the desertion had continued for three years before the insanity of the defendant intervened, then the cause of action would have been complete and the insanity would have been no defense. This was determined in *Fisher* v. *Fisher,* 54 W. Va. 146, 46 S. E. 118, 1 Ann. Cas. 251. Here, however, within three months after the alleged

desertion, the defendant became insane.  While the cases
have been few, the prevailing view is that in such a case
the insanity of the defendant is a bar to the suit.

[3]   *Kirkpatrick* v. *Kirkpatrick,* 81 Neb. 627, 116 N. W.
499, 129 Am. St. Rep. 708, 16 L. R. A. (N. S.) 1071, presents
a question precisely similar to the one here raised.   The
Nebraska statute there construed provided that a divorce
may be granted "where either party willfully abandons the
other without just cause for a period of two years."   The
Virginia statute (Code, sec. 2257) provides that a divorce
from the bond of matrimony may be decreed to the party
abandoned "where either party willfully deserts or aban-
dons the other for three years."   In that case, this is said:
"It is a universal rule that where one spouse abandons or
deserts the other and returns to the unoffending party be-
fore the expiration of the statutory period, a ground of di-
vorce does not arise or accrue.   Our statute has fixed the
period of two years, and the offending party could return at
any time prior to the expiration of two years, and thus pre-
vent a cause of action accruing to the other party.   Separa-
tion, no matter how long continued, unless there was an in-
tent not to return, or, in other words, an intent to abandon,
would not constitute a ground for divorce.   On the other
hand, no matter how willful the desertion may be, nor how
destitute of reasonable cause, there is no ground for divorce
unless it is continued for a period of two years."

Under the Virginia statute, at any time during the three
years succeeding the abandonment the offending party has
the undoubted right to return to the other, and if that right
is exercised there is no ground for divorce.   For three years,
in Virginia, such offender may repent and return.   The
ground for an absolute divorce does not accrue from the
mere abandonment.   It must be willfully continued for the
period fixed by the statute, and the cause of action does not
accrue until that time has elapsed.   Of course, an insane

person is incapable of forming the intent, either to continue the desertion or to seek a reconciliation. It follows logically that in this case the cause of action has not accrued, and that the decree of the trial court sustaining the demurrer is without error.

In *Blandy* v. *Blandy,* 20 App. D. C. 535, this is said: "For the continued desertion must depend upon the continued intention, and, as has been well said, but for the insanity of the wife she may have repented and returned to her husband before the expiration of the statutory period."

In *Storrs v. Storrs,* 68 N. H. 118, 34 Atl. 672, it is held that the time during which the defendant was insane could not be included in computing the 'statutory period. The authorities are collected in 9 R. C. L. 357, 129 Am. St. Rep. 708, and 138 Am. St. Rep. 160, 34 L. R. A. 161.

So that while in some cases there may be undue hardship, we cannot amplify the grounds of divorce fixed by the statute, or adjudge an insane person to be capable of determining whether to seek a reconciliation or to persist in the willful intent to abandon for the period prescribed by the statute. If there be hardship, the question is one of public policy for the consideration of the General Assembly.

*Affirmed.*