CHARLES CAMIRE *vs.* EMMA CAMIRE.

JUNE 1, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Divorce.  Living Separate and Apart.  Abuse of Discretion.  Exceptions.*
A denial of a petition for divorce on the ground of living separate and apart for the space of ten years, if denied in the exercise of the discretion given the

court by Gen. Laws, cap. 247, § 3, will not be reviewed unless it clearly appears that the action of the court was an abuse of the discretion conferred, but where the court bases its decision upon a construction of the statute such action presents a question of law reviewable upon petitioner's exception.

*(2) Divorce. Parties Living Separate and Apart for Ten Years.*

To warrant the court in granting a divorce under Gen. Laws, cap. 247, § 3, on the ground that the parties had lived separate and apart for at least ten years, the respondent throughout the period during which the parties have lived apart must have been of normal mental capacity in order to understand the relations existing between the parties, to form a rational desire to end the separation and to take action regarding a reconciliation.

DIVORCE. Heard on exception of petitioner and overruled.

SWEETLAND, C. J. This is a petition for divorce from the bond of marriage on the ground that the parties have lived separately and apart for more than ten years immediately preceding the filing of the petition.

Upon the suggestion that the respondent was confined in an insane hospital as a person of unsound mind the Superior Court appointed a guardian *ad litem* for the respondent to protect her rights in the course of this proceeding.

The cause was heard before a justice of the Superior Court and at the conclusion of the evidence said justice found that the parties had lived separate and apart for ten years before the petition was filed; but that during the last two and one-half years of that period the respondent had been insane and confined in the Taunton Hospital for the Insane. The justice then denied the petition on the ground that the parties had not for ten years been living separate and apart within the meaning and intent of the statute. To this decision the petitioner excepted and has brought the exception before us.

The statutory provision relating to the ground of divorce relied on by the petitioner is contained in Section 3, Chapter 247, General Laws, 1909, and is as follows: "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at

least ten years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony."

(1) If said justice had denied the petition in the exercise of the discretion given by the foregoing section, we would not review his decision unless in some way it was made to appear clearly that his action was an abuse of the discretion conferred. The justice, however, based his decision upon a construction of the statute and his action thus presents a question of law reviewable upon the petitioner's exception.

The petitioner urges that the statutory provision in question is without qualification and does not make the granting of a divorce upon this ground dependent upon whether the living apart for ten years is voluntary or involuntary on the part of either or both of the parties. In reply to this contention it could be said that the statutory provision making extreme cruelty and adultery grounds for divorce are equally unqualified, yet the proof of acts of extreme cruelty while a respondent is insane would not warrant the entry of a decree for divorce; and by the weight of authority acts of illicit sexual intercourse committed by a respondent when insane, by either an insane husband or an insane wife, do not constitute a cause for divorce in favor of a petitioning spouse.

In the statutory provision in question the intent of the General Assembly appears that when a husband and wife have lived separate and apart for ten years there is little prospect of reconciliation between them and that then, after such ample time for reconciliation has been given, either should be allowed to appeal to the discretion of a justice of the Superior Court, asking that they be freed from a bond which is no longer beneficial to them or to society. If, upon hearing the evidence, the trial court finds that although he forces the parties to continue the relation of husband and wife they will probably persist in living apart, without attempts at reconciliation, such finding must be an important consideration in passing upon a petition of this kind. From the view which we have taken of the nature of the

(2) proceedings under this statutory provision it follows that to warrant granting a divorce on this ground, the respondent, throughout the period of ten years during which the parties have lived separate and apart, must have been of normal mental capacity in order to understand the relations existing between the parties, to form a rational desire to end the separation, and to take action regarding a reconciliation. Unless a respondent is capable of so acting we do not think that under the statute such circumstances of living "separate and apart" are presented as would give a justice of the Superior Court jurisdiction to exercise his discretion and grant a divorce.

The decision of said justice was without error.

The exception of the petitioner is overruled. The case is remitted to the Superior Court for further proceedings.

*Thomas F. Vance*, for petitioner.
*Lawrence F. Nolan*, for respondent.