**DORSEY v. DORSEY.**

No. 10997.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 7, 1951.

Decided March 13, 1952.

Harrison Fargo McConnell, Washington, D. C., for appellant.

Geoffrey Creyke, Jr., Washington, D. C., for appellee.

Before CLARK, PRETTYMAN, and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of the District Court, 94 F.Supp. 917, dismissing, after trial, a complaint for divorce alleging five years voluntary separation.[1]

Mr. and Mrs. Dorsey voluntarily separated. Within a short time Mrs. Dorsey was adjudicated insane and committed to Saint Elizabeths Hospital, where she has since remained. Occasionally she was allowed to visit the home of Mr. Dorsey and their children, yet she never indicated a desire to resume family or marital relations. On the contrary, she always expressed a desire to return to the hospital.

The trial court held that the wife's insanity, occurring within the five year period, terminated the voluntary nature of the separation. We agree.

Although this court has never before dealt directly with the present question, it has established the principle which we think must control. In Blandy v. Blandy, 1902, 20 App.D.C. 535, it was decided that a period of insanity suffered by a wife must be excluded in computing the statutory period of desertion. Accordingly, upon the facts it was held that there was no ground for the divorce sought by the husband, "For the continued desertion must depend upon the continued intention, and, as has been well said, but for the insanity of the wife she may have repented and returned to her husband before the expiration of the statutory period. Storrs v. Storrs (N.H., 1894), [68 N.H. 118,] 34 Atl.Rep. 672; Nichols v. Nichols, 31 Vt. 328, 331; Pile v. Pile, 94 Ky. 308 [22 S.W. 215]." 20 App.D.C. at page 541. To like effect is Scogna v. Scogna, 1917, 46 App. D.C. 201, 206. The rule is also well sup-

---

1. 16 D.C.Code 1940, § 403.
   "A divorce from the bond of marriage * * * may be granted for * * * voluntary separation from bed and board for five consecutive years without cohabitation * * *."

ported by decisions of the state courts. Wright v. Wright, 1919, 125 Va. 526, 99 S. E. 515, 4 A.L.R. 1331; Kirkpatrick v. Kirkpatrick, 1908, 81 Neb. 627, 116 N.W. 499, 16 L.R.A., N.S., 1071; accord, Porter v. Porter, 1913, 82 N.J.Eq. 400, 89 A. 251.

The fact that in her visits to the home Mrs. Dorsey manifested no change of attitude regarding the separation is immaterial, for since the adjudication it must be presumed she was mentally incompetent to make a responsible decision to renounce the separation.

We see no reason why the rule so well established concerning desertion should not apply with equal force to voluntary separation as provided by the local statute. It is so held in Galiano v. Monteleone, 1933, 178 La. 567, 152 So. 126; Camire v. Camire, 1921, 43 R.I. 489, 113 A. 748; Messick v. Messick, 1917, 177 Ky. 337, 197 S.W. 792, L.R.A.1918A, 1184.

Affirmed.