# Richmond

LESTER POLLARD v. ELIZABETH SMITH POLLARD.

April 22, 1963.

Record No. 5548.

Present, All the Justices.

The opinion states the case.

*William Davis Butts*, on brief for the appellant.

*William Alfred Smith*, on brief for the appellee.

Case submitted on briefs.

CARRICO, J., delivered the opinion of the court.

In this divorce case we are, for the first time, presented the question of the application of Code, § 20-93, the pertinent provisions of which are as follows:

"*Insanity of guilty party after commencement of desertion no defense.*—When the suit is for divorce from the bond of matrimony for wilful desertion or abandonment, it shall be no defense that the

guilty party has, since the commencement of such desertion, and within one year thereafter, become and has been adjudged insane, but at the expiration of one year from the commencement of such desertion the ground for divorce shall be deemed to be complete. . . ."

The question here presented arises from an appeal granted Lester Pollard, the complainant, from a final decree dismissing his bill of complaint for divorce, alleging wilful desertion and abandonment, filed against Elizabeth Smith Pollard, the defendant. The bill was dismissed because it was shown that the defendant had been adjudged insane subsequent to the date of the alleged desertion and prior to the expiration of one year from such date.

The bill alleged, and the evidence showed, that the Pollards were married on April 19, 1941; that they lived together for six years, during which time the complainant was a dutiful husband; that the defendant deserted the complainant on January 28, 1947, without just cause or excuse; that the desertion had continued uninterrupted since that date; that on February 26, 1947, the defendant was adjudged insane and was committed to Central State Hospital at Petersburg, where she was still confined when the case was heard. The evidence further showed that the defendant displayed no signs of mental illness at the time she left the complainant on January 28, 1947.

Prior to the enactment, in 1926, of what is now Code, § 20-93, it was the law in this state that when a defendant in a divorce case became and was adjudged insane between the date of desertion and the running of the statutory period prescribed to make the ground for divorce complete, such insanity was a bar to the granting of a divorce. We had so held in *Wright* v. *Wright*, 125 Va. 526, 99 S. E. 515, decided June 12, 1919, where it was stated that the reason for the rule was that, "an insane person is incapable of forming the intent, either to continue the desertion or to seek a reconciliation." 125 Va., at pp. 528, 529.

In the *Wright* case, Judge Prentis conceded that the rule there enunciated would, in some cases, cause undue hardship. He said, however, that, "[i]f there be hardship, the question is one of public policy for the consideration of the General Assembly." 125 Va., at p. 529.

The legislature, perhaps motivated by the cases of hardship pointed to by Judge Prentis but, in any event, in sound consideration of public policy, saw fit to change the rule adopted in the *Wright* case. In

clear and unambiguous language it provided that insanity, occurring between the commencement of desertion and the running of the statutory period, is not a bar to divorce for wilful desertion or abandonment. A defense based upon such insanity, previously provided by judicial rule was, by legislative rule, declared no longer to exist. Now, when desertion occurs and continues uninterrupted for one year the ground of divorce is complete, notwithstanding that the defendant meanwhile has become and has been adjudged insane.

It is the duty of the courts to recognize and give effect to such a legislative rule. In the case before us, the evidence was sufficient to sustain the complainant's ground for divorce, and it was error to refuse him a decree because the defendant became and was adjudged insane in the one-year period following the desertion. Accordingly, the decree will be reversed and the cause remanded with direction to enter a decree awarding the complainant a divorce from the defendant for wilful desertion and abandonment for more than one year.

*Reversed and remanded.*